Kenneth Barker and Lois Anne Barker,
2349 Royal Oaks Drive,
Alamo. CA. 94507.
Phone ( 925 ) 820- 0198  **E-filing**
Fax.   ( 925 ) 820- 0198

Plaintiffs In Pro Se.

FILED
JUN 10 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

KENNETH BARKER,
    and
LOIS ANNE BARKER

                        Plaintiffs,

vs.

DEFAULT RESOLUTION NETWORK;
FIDELITY NATIONAL TITLE;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC; ALBORG, VEILUVA & EPSTIEN;
TITLE COURT SERVICES INC; GENPACT
MORTGAGE SERVICES; DOES 1 through 50,
inclusive.

                        Defendants.

CASE NO.: C08-02898 CW ADR

COMPLAINT FOR VIOLATIONS OF
THE RACKETEER INFLUENCED AND
CORRUPT ORGANIZATIONS ACT
(18USCS 1961-1968).

DEMAND FOR JURY TRIAL

1.

**COMPLAINT**

Plaintiffs, Kenneth and Lois Anne Barker, allege:

1 ) **Jurisdiction.** This court has jurisdiction over this complaint because it arises under the

laws of the United States.

1.

2 ) **Venue.** Venue is appropriate in either Oakland of San Francisco, because defendants do business in Contra Contra County and San Francisco County, and the complained of acts, events, and omissions, occurred in Contra Costa County.

3 ) **Intradistrict Assignment.** This lawsuit could be assigned to either the Oakland Division, or San Francisco Division, of this court, because a substantial part of the acts, events, or omissions, which gave rise to this lawsuit occurred in Contra Costa County, and the Property in dispute is located in Contra Costa County.

4 ) Plaintiffs Kenneth Barker and Lois Anne Barker ( hereinafter plaintiffs ) are joint owners of the Property in dispute, which is located at 2349 Royal Oaks Drive, Alamo,CA. 94507.( hereinafter, sometimes " Property") This Property is a central issue in this lawsuit.

5 ) On the basis of the information and allegations in this lawsuit, plaintiffs bring this action against the above named defendants to obtain Injunctive Relief and/or a Writ of Mandate order, or another appropriate order by the Court, to cancel, dismiss, and throw out, an electronically filed non judicial " Notice Of Default And Election To Sell Under Deed Of Trust " with Trustee Sale N.08-00031 -12 for the Property located at: 2349 Royal Oaks Drive, Alamo, CA.94507.

6 ) The Notice Of Default was recorded on May 1, 2008. The Notice of Default ( herein after, sometimes " Notice." ) was electronically recorded by defendant via Instrument No. 20088146777 in the Official Records of Contra Costa County, California. It was served on plaintiffs on May 8, 2008 by personal service,( **Exhibit No. 1**) and served a second time by U.S. Certified Mail dated May 29, 2008. ( **Exhibit No. 2** )

7 ) Plaintiffs do not know the true name and capacities of defendants sued herein as DOES 1 through 50 inclusive, and plaintiffs sues these defendants by such fictitious names and will amend this complaint to allege their true names and capacities when the same have been ascertained.

8 ) Plaintiffs respectfully petition this Court to promptly issue the requested Injunctive Relief, and/or Writ of Mandate order, or other appropriate order, because defendant via the above noted " Notice of Default " has stated it will set a sale date of the Property after 3 months of the recordation date which was May 1, 2008.

9 ) As described below, plaintiff alleges defendants are associated in fact, acting jointly as a racketeering enterprise, engaged in an illegal scheme via a pattern of fraud, misrepresentation, and conspiracy, fraudulently using the U.S. Mails and interstate Wires for their unlawful financial gain to damage plaintiff. Thereby, defendants repeatedly violated the " The Racketeer Influenced and Corrupt Organizations Act ( 18 USCS 1961 -1981 ) " ( hereinafter, sometimes RICO ). Defendants organized themselves by an a illegal scheme to function as a racketeering organization and a corrupt enterprise.

10 ) Plaintiffs seek triple damages, legal fees, and costs, all as allowed by " The Racketeer Influenced and Corrupt Organizations Act ( 18 USCS 1961 -1968 ) ", and other remedies allowed by law and/or as deemed appropriate by the court.

11 ) By personal service on May 8, 2008, and again by Certified U.S. Mail on May 29, 2008, defendant served plaintiffs with an electronically filed Foreclosure " Notice " using the U.S. Mail and interstate Wires. Unlawfully, however, defendant, has no proof that it owns a Note, Deed of Trust, or Mortgage on the Property. Using the U.S. Mails and

interstate Wires to file a Foreclosure " Notice " on plaintiffs Property, without the legal right to do so constitutes an illegal scheme to commit fraud, conspiracy to commit fraud, and fraud, in order to fraudulently seize plaintiffs Property for defendants illegal financial gain and harm plaintiff. All are predicate acts resulting in civil RICO violations.

12 ) In order to engage in it's illegal scheme to function as a racketeering organization and corrupt enterprise, defendant willfully ignored the " Real Party In Interest Rule ". That law requires a must party prove it is the " Real Party In Interest " *before* it can legally file a Foreclosure " Notice ". Defendant's willfully failed to do so. Plaintiff used U.S. Mail and interstate Wires with the intent of damaging plaintiff for defendants illegal financial gain. That is a predicate act which is civil RICO violation.

13 ) Defendants, knew, or should have known, that they lacked legal standing to file a Notice of Default and sell plaintiffs property under a Deed of Trust. Defendants were insiders, not outsiders who simply perform assigned services for a fee. Unquestionably, defendant is engaged in a predatory " Foreclosure Mill " conspiracy, using U.S. Mail and interstate Wires with the intent and purpose of obtaining fraudulent illegal financial gain,and thereby damaging plaintiff. That is a predicate act which is a civil RICO violation.

14 ) Defendants agreed by, and between themselves, to engage in a conspiratorial scheme to fraudulently obtain money from plaintiff and Others. Defendants engaged in overt acts of fraudulent foreclosures via mail fraud and interstate wire fraud, and all defendants knew such overt acts would take place. Defendants were not simply pursuing their business interests. Rather they had a conspiratorial motive to defraud plaintiff and were

acting on behalf of the enterprise of which they were members. Defendants committed acts of fraud when they prepared and served the Foreclosure " Notice " which set forth the alleged amounts involved as due and owing of $137818.75 and $750,000.00. These are all predicate acts which are civil RICO violations.

15 ) Defendants, as persons, set up a organizational association in fact enterprise structure, consisting of a title company, an agent of the title company, a law firm, a beneficiary, and agents for them. The resulting enterprise enabled defendants to function as a racketeering organization and to engage in a pattern of racketeering activity. That is a predicate act which is a civil RICO violation.

16 ) Plaintiff has suffered damages in an amount not yet ascertained, with interest on that amount, based upon triple damages that are mandated by law for the RICO violations cited above.

## 11.

## ARGUMENT AND LAW

17 ) *SEDIMA S.P.R.L. v. IMREX COMPANY,INC., 473 US 479, 481 ( 1985).* is considered the seminal law for civil *RICO*. That case holds that the " Racketeer Influenced And Corrupt Organizations Act ( 18 USCS 1961-1968 ) is to be read broadly, not only because of Congress' expansive language and overall approach, but also because of it's express admonition that the ACT is to be liberally construed to effectuate its remedial purposes."Also, *Sedima* does not require racketeering activity distinct from that occurring as a result of predicate acts themselves.

18 ) Defendants, in their predatory greed as an enterprise to harm plaintiff, set up a sophisticated computerized electronic foreclosure filing system in a racketeering activity to collect on an unlawful debt. Unquestionably, defendants knew their overt acts of fraudulent foreclosures using U.S. Mails and interstate Wires were simply a part of their over all enterprise and racketeering activity.

19 ) Furthermore, "...injury *not* from the predicate acts themselves, but from the fact they were performed as part of the conduct of an enterprise..." goes to the heart of civil RICO. *American National Bank and Trust Company v. Harco Inc. 473 US 606 ( 1985 )*

19 ) In essence, defendants are attempting to illegally manipulate foreclosure law and the courts by fraudulently using the U.S. Mails and Interstate Wires as an ally to illegally deprive home owners of their homes.

20 ) Very recent decisions by the Federal Courts throughout the United States have not only repeatedly dismissed and tossed out, similar false Foreclosure " Notices ", the Courts have also assessed very stiff sanctions for those who mislead the Court.

21 ) U.S District Judge Christopher A. Boyko of the Northern District of Ohio on October 31, 2007, in a six ( 6 ) page opinion dismissed, and tossed out, 14 Deutsche Bank filed foreclosures in a ruling based on lack of standing for not owning/holding the mortgage loan at the time the foreclosures were filed. *Foreclosure Cases No.1: 07CV 2282 et al.*

22 ) Using exceptionally strong language, and three ( 3 ) foot notes, Judge Boyko lambasted Deutsche Bank and it's lawyers and agents, for attempting to improperly make the Federal Court system a compliant ally to illegally deprive home owners of their homes.

23 ) **Most significantly, in this case, defendants are attempting to use similar illegality. Their conduct constitutes text book examples of predicate acts and multiple civil RICO violations.**

24 ) Shortly after Judge Boyko's decision, Federal Judge Kathleen M. O' Malley in Cleveland Ohio, also dismissed 32 foreclosure actions, because, these too, were filed without proof that plaintiff owned the mortgages.

25 ) In November 2007, Federal Judge Thomas A. Rose, in Dayton, Ohio, also ruled that 26 0f 27 foreclosure notices in front of him had no proof that plaintiff's owned the mortgages. Therefore, he dismissed them.

26 ) Defendants conduct their business as a predatory " Foreclosure Mill " enterprise by filing foreclosure notices without owning the note, or mortgage. Enterprise members collectively participate in filing thousands of fraudulent computer generated Foreclosure " Notices " utilizing defective rough shod filing practices that trample a borrower's rights. Defendants use the non judicial method of foreclosure, thus, seeking to hide deceitful sharp practice. That is a predicate act and a civil RICO violation.

27 ) A recent similar case of deceit and foreclosure misrepresentation involved Well Fargo Bank, it's agents and attorneys.( *Jacalyn S. Nosek v. Ameriquest Mortgage Company, et al. Chapter 13 -Case No. 02- 46025 JBR* ).In that case on April 25, 2008, the Honorable Judge Joel Rosenthal of the United States Bankruptcy Court, District of Massachusetts imposed the following sanctions. ( **Exhibit No. 3** )

i ) Ameriquest Mortgage Company in the amount of $250,000.00.

ii ) Abitt & Charlton ( a law firm ) in the amount of $25,000.00

iii ) Attorney Robert Charlton in the amount of $25,000.00.

iv ) Bachalter Nemer Fields and Younger ( a law firm ) in the amount of $100,000.00.

v ) Wells Fargo Bank in the amount of $250,000.00.

## 111.

## SUMMARY OF ARGUMENT

28) Defendants are persons who are organized into an enterprise associated in fact to function as a racketeering predatory foreclose mill organization. Using U.S. Mail and Interstate Wires, their conduct is a pattern of conspiracy, misrepresentation, and fraudulent foreclosure filings, resulting in multiple civil RICO violations.

29) Defendants, have unclean hands. Defendants seek to use the U.S Mails and Interstate Wires, and the court system, as allies for illegally seizing plaintiff's property.

30) Plaintiff has been injured by defendants for it's property by reason of the above noted violations or RICO.

31) The Honorable Federal Judge Christopher A. Boyko in his ruling throwing out fraudulent foreclosures, stated that the integrity of the Federal justice system is " priceless ", and not for sale. It is believed this Court will repeat Judge Boyko's ruling.

WHEREFORE, PLAINTIFFS PRAY FOR:

1. Judgment against defendants for civil RICO violations.

2. Preemptory Injunctive Relief, and/or a Writ of Mandate, or other order, be issued by this court to dismiss and throw out defendants Notice Of Default.

3. Damages in an amount not yet ascertained with interest on that amount pursuant to the triple damages allowed by RICO.

4. For such other and further relief as the court deems proper.

Dated: 06/10/08

*Kenneth Barker* (signature)

Kenneth Barker, Plaintiff In Pro Se.

Plaintiff Demands A Trial By Jury.

## LIST OF EXHIBITS.

**Exhibit No. 1.** Notice Of Default And Election To Sell Under Deed Of Trust.

**Exhibit No. 2** Notice Of Default And Election To Sell Under Deed Of Trust Sent By U.S. Mails.

**Exhibit No. 3** Order For Sanctions Issued by the Honorable Judge Joel B. Rosenthal, United States Bankruptcy Court District Of Massachusetts.

1

Recording Requested By
and When Recorded Mail to:

Default Resolution Network
50 California Street
Suite 3550
San Francisco, CA 94111

> CERTIFIED COPY
>
> Recorded May 1, 2008
> Instrument Number 2008146777
> Official Records
> Contra Costa County, California
>
> Fidelity National Title

Trustee Sale No: 08-00031-1
Loan No: 6CB050331004

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $137,818.75 as of April 20, 2008, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact :

Alborg, Veiluva & Epstein
c/o Default Resolution Network
50 California Street
Suite 3550
San Francisco, CA 94111
Phone: 415-981-5720  TS# 08-00031-1

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That default has been declared by the current beneficiary (the "Beneficiary") under that certain Deed of Trust dated as of March 23, 2005, executed by Kenneth Barker and Lois Anne Barker, his wife, as joint tenants, as trustor (the "Original Trustor"), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, as beneficiary, recorded March 30, 2005 as Instrument Number 2005-0108000-00 in Book n/a at Page n/a of official records in the Office of the Recorder of Contra Costa County, California (the "Original Deed of Trust"), and that

The Original Deed of Trust and any modifications thereto are collectively referred to herein from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (less any reconveyances therefrom, and with any additions thereto, the "Trust Property"), and that

The Deed of Trust secures the payment of and the performance of certain obligations, including but not limited to, the obligations set forth in that certain Promissory Note with a face amount of $750,000.00 (the "Original Note"), and that

The Original Note and any modifications thereto are collectively referred to herein from time to time as the "Note", and that

The Note and any other documents evidencing the obligations secured by the Deed of Trust, together with any modifications thereto, are collectively referred to herein from time to time as the "Secured Obligations", and that

The term "Trustor" as used herein shall mean either the Original Trustor or, if applicable, its successor in interest with respect to the Trust Property, and that

The term "Trustee" as used herein shall mean the original trustee under the Deed of Trust or, if applicable, its successors in interest, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the Trustor has failed to perform obligations pursuant to or under the Secured Obligations and/or the Deed of Trust, specifically: failed to pay payments which became due; together with late charges due; failed to pay advances made by the Beneficiary; failed to pay attorneys' fees and expenses; failed to reimburse Beneficiary for payback of gain on loan sale; and that

The Trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the Beneficiary and/or the Trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the Beneficiary and/or the Trustee in connection with the Secured Obligations and/or Deed of Trust, the Trustor or the Trust Property:

1. attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the Trust Property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;

2. real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;

3. protection, preservation, repairs, restoration or completion of the Trust Property, and all other such matters;

4. compliance with any applicable laws, regulations or orders, and all other such matters;

5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the Beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

By reason thereof, the present beneficiary under such Deed of Trust, has delivered to said Trustee a Declaration and Demand for Sale, and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

Date: April 30, 2008

**Default Resolution Network**
Agent for the Beneficiary
By: Title Court Services, Inc. its Agent


_____/S/_____
By:

2

RESOLUTION NETWORK
a division of Fidelity National Title Company
50 California St, Ste 3550
San Francisco, CA 94111



CERTIFIED MAIL
7160 3901 9845 6380 3791

$ 05.32⁰
MAY 29 2008
MAILED FROM ZIP CODE 95765

Paul Barker
2349 Royal Oaks Drive
Alamo, CA 94507

94507+2222 C003

CERTIFIED MAIL
7160 3901 9845 6380 5276

$ 05.32⁰
MAY 29 2008
MAILED FROM ZIP CODE 95765

Ellen Barker
c/o Kenneth Barker
2349 Royal Oaks Drive
Alamo, CA 94507

1m 08-00631-1

94507+2222 C003

3

United States Bankruptcy Court
District of Massachusetts

In re:  )
JACALYN S. NOSEK,  )
        DEBTOR.  ) Chapter 13
          ) Case No. 02-46025-JBR
          )
JACALYN S. NOSEK,  )
        PLAINTIFF,  ) Adversary Proceeding
          ) No. 04-4517 and
v.  ) No. 07-4109
AMERIQUEST MORTGAGE COMPANY,  )
et al.  )
        DEFENDANTS  )

## MEMORANDUM OF DECISION REGARDING ORDER TO SHOW CAUSE

This matter came before the court for a hearing on the Court's Order to Show Cause why sanctions should not be imposed for apparent misrepresentations as to the status of Ameriquest Mortgage Company as the holder of the note and mortgage at issue in this case and adversary proceedings.

## FACTS

## CONCLUSION

For the reasons set forth herein, sanctions will be imposed as set forth above on

- Ameriquest in the amount of $250,000;
- Ablitt & Charlton, P.C., formerly known as Ablitt & Caruolo, P.C., in the amount of $25,000;
- Attorney Robert Charlton in the amount of $25,000;
- Buchalter Nemer Fields & Younger in the amount of $100,000; and
- ███████████████████████

Sanctions will not be imposed on

- Attorney Jennifer Haskell;
- Attorney William Amann;
- Attorney R. Bruce Allensworth, and Kirkpatrick & Lockhart Preston Gates Ellis.

A separate order will issue.

Dated: April 25, 2008

                                        *Joel B. Rosenthal*
                                        Joel B. Rosenthal
                                        United States Bankruptcy Judge.