1   MICHAEL J. VEILUVA (SBN 100419)
    DARRELL C. MARTIN (SBN 191773)
2   ALBORG, VEILUVA & EPSTEIN LLP
    200 Pringle Avenue, Suite 410
3   Walnut Creek, CA 94596
    Tel: 925-939-9880
4   Fax: 925-939-9915

5   Attorneys for Defendants
    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
6   ALBORG, VEILUVA & EPSTEIN, LLP and GENPACT MORTGAGE SERVICES

7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  KENNETH BARKER and LOIS ANNE          Case No. 4:08-cv-02898-CW
    BARKER,
12                                        **MORTGAGE ELECTRONIC**
                    Plaintiffs,           **REGISTRATION SYSTEMS, INC.,**
13                                        **ALBORG, VEILUVA & EPSTEIN, LLP,**
         vs.                              **AND GENPACT MORTGAGE**
14                                        **SERVICES' NOTICE OF MOTION AND**
    DEFAULT RESOLUTION NETWORK;           **MOTION TO DISMISS KENNETH**
15  FIDELITY NATIONAL TITLE; MORTGAGE     **BARKER AND LOIS ANNE BARKER'S**
    ELECTRONIC REGISTRATION SYSTEMS,      **COMPLAINT; MEMORANDUM OF**
16  INC.; ALBORG, VEILUVA & EPSTEIN;      **POINTS AND AUTHORITIES**
    TITLE COURT SERVICES, INC.; GENPACT   **[Fed. R. Civ. P. 12(b)(6)]**
17  MORTGAGE SERVICES; and DOES 1
    through 50, inclusive,                Date:   August 5, 2008
18                                        Time:   2:00 p.m.
                    Defendants.           Dept.:  2
19
                                          Judge:  The Hon. Judge Claudia Wilken
20
                                          Complaint Filed: June 10, 2008
21

22

23

24

25

26

27

28
                                                       192200.pldg.Motion to Dismiss.dcm.doc

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 5, 2008 at 2:00 p.m. or as soon thereafter as the matter may be heard in Courtroom 2 of the above-captioned Court, located at 1301 Clay Street, Oakland, California 94612-5212, before the Honorable Judge Claudia Wilken, defendants ALBORG, VEILUVA & EPSTEIN, LLP ("AVE"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and GENPACT MORTGAGE SERVICES ("Genpact") (collectively the "Alborg Defendants") will move, and hereby do move, this Court for an order dismissing plaintiffs KENNETH BARKER and LOIS ANNE BARKER's (collectively the "Plaintiffs'") complaint against the Alborg Defendants on the grounds that the complaint fails to allege facts sufficient to state any cognizable claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)).

The Alborg Defendants' motion is brought on the grounds that, even assuming the allegations in the Plaintiffs' complaint to be true, there are no specific allegations of any acts or omissions on the part of the Alborg Defendants that give rise to any actionable claims in the Plaintiffs' complaint. Indeed, the allegations against the Alborg Defendants utterly fail to state a cognizable legal claim for RICO violations against the Alborg Defendants.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, all pleadings and records on file herein, and on such other and further evidence and argument as may be presented at or before the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs Kenneth and Lois Barker are debtors under a secured residential mortgage on real property located in Alamo, California.   The beneficial interest in the mortgage is held by defendant Genpact.  Genpact commenced a non-judicial foreclosure which is pending.

On May 15, 2008, the Barkers sued the same group of defendants – Genpact, its law firm (Alborg, Veiluva & Epstein), MERS, and Fidelity Title) – *in pro per* for fraud, conspiracy,

punitive damages and sundry other causes of action as Contra Costa Superior Court No. N08-0822. (Request for Judicial Notice, Tab 1.)  A demurrer to that complaint is scheduled to be heard on August 5, 2008).

The present action was filed on June 10, 2008.  It alleges a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against the same defendants.  Although the cause of action is different, the operative facts are nearly identical to the state court action filed one month before.   Plaintiffs have offered no explanation for filing their RICO claims in this Court, when they could have brought the RICO claims in the state court action.  Tafflin v. Levitt 493 U.S. 455, 464-66 (1990).

Both complaints are equally incomprehensible.  Plaintiffs' complaint is nothing more than a rambling collection of legal conclusions and conspiratorial allegations that lack substance or any relation to what any particular defendant actually did.  Indeed, the allegations are so inadequately pled that it is difficult, if not impossible, for the moving parties to ascertain how each of them fit into the RICO claims – since they are never specifically or individually identified in the complaint.  Plaintiffs' complaint should therefore be dismissed as against the Alborg Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    MATERIAL ALLEGATIONS

Plaintiffs allege that they are the joint title holders of real property located within Contra Costa County, commonly known as 2349 Royal Oaks Drive, Alamo, California (hereinafter the "Property").  (Complaint at ¶ 4.)  The Property is subject to a pending non-judicial foreclosure under a Notice of Default recorded on or about May 1, 2008 in the official records of Contra Costa County.  (Complaint at ¶ 6.)  Plaintiffs were served with the Notice of Default on or about May 8, 2008.  (Complaint at ¶ 6.)

Plaintiffs further allege that "defendants" are somehow "associated in fact" and are "acting jointly as a racketeering enterprise, engaged in an illegal scheme via a pattern of fraud, misrepresentation, and conspiracy, fraudulently using the U.S. Mails and interstate Wires for their unlawful financial gain to damage plaintiff [sic]."  (Complaint at ¶ 9.)  However, aside from

1   their use of the term "defendants," Plaintiffs' allegations do not identify any of the named

2   defendants or their respective roles in any  purported "racketeering enterprise."  Indeed,

3   Plaintiffs regularly use the terms "defendant<u>s</u>" and "defendant," though fail to identify which

4   defendant or defendants they are referring to – thus adding to the Alborg Defendants' confusion

5   as to the claims against them.

6          Plaintiffs contend that "defendant, has no proof that it owns a Note, Deed of Trust, or

7   Mortgage on the Property" and that "[u]sing the U.S. Mails and interstate Wires to file a

8   Foreclosure 'Notice' on plaintiffs [sic] Property, without the legal right to do so constitutes an

9   illegal scheme to commit fraud, conspiracy to commit fraud, and fraud, or order to fraudulently

10  seize plaintiffs [sic] Property for defendants [sic] illegal financial gain and harm plaintiff [sic].

11  [And a]ll are predicate acts resulting in civil RICO violations."  (Complaint at ¶ 11.)  Finally,

12  Plaintiffs allege that "in order to engage in it's [sic] illegal scheme to function as a racketeering

13  organization and corrupt enterprise, defendant willfully ignored the 'Real Party In Interest Rule'.

14  That law requires a must party prove [sic] it is the 'Real Party In Interest' ***before*** it can legally

15  file a Foreclosure 'Notice'."  (Complaint at ¶ 12, emphasis in original.)

16                Plaintiffs pad their vague and ambiguous pleadings with allegations that:
                  "[d]efendants, knew, or should have known, that they lacked legal
17                standing to file a Notice of Default and sell plaintiffs property . . .
                  Defendants were insiders, not outsiders who simply perform assigned
18                services for a fee.  Unquestionably, defendant is engaged in a predatory
                  'Foreclosure Mill' conspiracy, using U.S. Mail and interstate Wires . . ."
19                (Complaint at ¶ 13.)  Further, Plaintiffs contend that "[d]efendants agreed
                  by, and between themselves, to engage in a conspiratorial scheme to
20                fraudulently obtain money from plaintiff [sic] and Others . . . [and] had a
                  conspiratorial motive to defraud plaintiff [sic] and were acting on behalf
21                of the enterprise of which they were members.  (Complaint at ¶ 14.)

22  Plaintiffs further assert that "[d]efendants, as persons, set up a [sic] organizational association in

23  fact enterprise structure, consisting of a title company, an agent of the title company, a law firm,

24  a beneficiary, and agents for them . . . [which] enabled defendants to function as a racketeering

25  organization and to engage in a pattern of racketeering activity."  (Complaint at ¶ 15.)

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

1    Plaintiffs' remaining allegations are simply the same legal conclusions and vague

2  contentions made above – though still without the requisite specificity to legally state a claim for

3  RICO violations by the Alborg Defendants – or any of the defendants for that matter.

4  **III.    LEGAL ARGUMENT**

5    **A.    The Complaint Fails to Plead Facts Sufficient to State a Cognizable Legal
           Theory Against Defendants**

6    A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the

7  complaint.  The court must decide whether the facts alleged, if true, would entitle plaintiff to

8  some form of legal remedy.  If the answer is "no," then the motion must be granted.  Conley v.

9  Gibson 355 U.S. 41, 45–46 (1957); De La Cruz v. Tormey 582 F.2d 45, 48 (9th Cir. 1978); SEC

10 v. Cross Fin'l Services, Inc. 908 F.Supp. 718, 726–727 (C.D. CA 1995); Beliveau v. Caras 873

11 F.Supp. 1393, 1395 (C.D. CA 1995); United States v. White 893 F.Supp. 1423, 1428 (C.D. CA

12 1995).

13    Accordingly, a dismissal pursuant to Rule 12(b)(6) is proper where there is either a "lack

14 of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

15 theory."  Balistreri v. Pacifica Police Dept. 901 F.2d 696, 699 (9th Cir. 1990); Graehling v.

16 Village of Lombard, Ill. 58 F.3d 295, 297 (7th Cir. 1995).

17

18    While the court must (1) construe the complaint in the light most favorable to the

19 plaintiff, and (2) accept all well-pleaded factual allegations as true, the court need not accept as

20 true any conclusionary allegations or legal characterizations, nor need it accept unreasonable

21 inferences or unwarranted deductions of fact.  In re Delorean Motor Co. 991 F.2d 1236, 1240

22 (6th Cir. 1993); Taylor v. F.D.I.C. 132 F.3d 753, 762 (DC Cir. 1997); Transphase Systems, Inc.

23 v. Southern Calif. Edison Co. 839 F.Supp. 711, 718 (C.D. CA 1993); Beliveau v. Caras, supra,

24 873 F.Supp. at 1395–1396.  Indeed, courts need not "swallow the plaintiff's invective hook, line,

25 and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like

26 need not be credited."  Aulson v. Blanchard  83 F.3d 1, 3 (1st Cir. 1996); See Cahill v. Liberty

27 Mut. Ins. Co. 80 F.3d 336, 337–338 (9th Cir. 1996).

28

Further, when evaluating RICO claims the Court should recognize "that the 'need for expeditious and orderly progress of ... litigation' is particularly pronounced in a civil RICO suit because of its 'quasi-criminal' nature and consequent 'stigmatizing effect on those named as defendants.'...Courts should therefore 'strive to flush out frivolous RICO allegations at an early stage of the litigation.'" Wagh v. Metris Direct, Inc. 348 F.3d 1102, 1108 (9th Cir.2003), quoting Figueroa Ruiz v. Alegria 896 F.2d 645, 650 (1st Cir.1990).

Plaintiffs' allegations are almost entirely comprised of conclusory allegations, legal characterizations and unwarranted deductions of fact.  Indeed, the very foundation of Plaintiffs' complaint rests on their single legal conclusion that a foreclosing party must somehow "prove" ownership of a promissory note and/or deed of trust before it is permitted to initiate foreclosure proceedings due to a borrowers' failure to pay on the note.  From this unsupported conclusion, Plaintiffs bootstrap a variety of vague and conclusory allegations of a grand conspiracy – though utterly fail to specifically identify any of the Alborg Defendants or their specific role in the conspiracy.

Construing the complaint and allegations against the Alborg Defendants in the light most favorable to Plaintiffs, within the bounds of reason, and accepting the factual allegations as true, it is still impossible to hypothesize any facts, consistent with the complaint, that would make out a RICO claim against the Alborg Defendants.  Hearn v. R.J. Reynolds Tobacco Co. 279 F.Supp.2d 1096, 1101 (D. AZ 2003); Coffin v. Safeway, Inc. 323 F.Supp.2d 997, 1000 (D. AZ 2004).  As such, even when given the liberal deference normally associated with 12(b)(6) motions, the complaint should be dismissed against the Alborg Defendants, if not in its entirety as to all defendants.

### B.    Plaintiffs' Complaint Fails to Identify Any Specific RICO Violation

18 U.S.C. section 1962 specifically identifies the different types of activities that constitute a violation of RICO.   "It is essential to plead precisely in a RICO case the enterprise alleged and the **RICO section allegedly violated**."  Reynolds v. East Dyer Development Co. 882 F.2d 1249, 1251 (7th Cir.1989) (emphasis added).  The Barkers have furthermore not

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

complied with Federal Rule of Civil Procedure 9(b) that requires that in alleging fraud, "a party must state with particularity the circumstances constituting fraud…" The requirements of Rule 9(b) apply to RICO claims. <u>Edwards v. Marin Park, Inc.</u> 356 F.3d 1058, 1066 (9th Cir. 1058).

Here, Plaintiffs allege that "defendants" have committed a RICO violation, though only generally cite to 18 U.S.C. §§1961-1968 – the entire RICO Act. (Complaint at ¶ 9.) Indeed, nowhere in the complaint have Plaintiffs identified any specific provision of 18 U.S.C. 1962 that the defendants purportedly violated. As such, Plaintiffs' complaint is defective at the most basic level and should be dismissed out of hand.

**C.    Plaintiffs Have Failed to Adequately Plead a RICO Violation**

Notwithstanding Plaintiffs' failure to plead the specific RICO section allegedly violated, the Alborg Defendants will presume – for the sake of argument and in light of the totality of the allegations in Plaintiffs' complaint – that Plaintiffs intended to allege a violation of 18 U.S.C. 1962(c), which provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

In order to sustain a cause of action for this specific RICO section, Plaintiffs' complaint must adequately set forth the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. <u>Sedima, S.P.R.L. v. Imrex Co.</u> 473 U.S. 479, 496 (1985); <u>Smith v. Jackson</u> 84 F.3d 1213, 1217 (9th Cir.1996). However, an examination of Plaintiffs' complaint reveals that they have failed to adequately set forth the elements of this RICO claim, and the Alborg Defendants' motion to dismiss should be granted.

**1.    Plaintiffs Have Failed to Adequately Plead an Enterprise**

Plaintiffs allege that "defendants are associated in fact, acting jointly as a racketeering enterprise." (Complaint at ¶ 9.) However, "[t]o establish the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing organization, formal or informal,' and

1
2
'evidence that the various associates function as a continuing unit.'" <u>Odom v. Microsoft Corp.</u> 486 F.3d 541, 552 (9th Cir.2007), citing <u>U.S. v. Turkette</u> 452 U.S. 576, 583 (1981).

3
4
5
6
7
8
9
10
11
Here, Plaintiffs fail to provide any evidence of an organization – let alone identify how or where the Alborg Defendants (or any of the other defendants) fit into this purported enterprise. Indeed, the only allegations in Plaintiffs' complaint that remotely suggest an "enterprise" consist of the conclusion that "[d]efendants, as persons, set up a [sic] organizational association in fact enterprise structure, consisting of a title company, an agent of the title company, a law firm, a beneficiary, and agents for them . . . [that] enabled defendants to function as a racketeering organization." (Complaint at ¶ 15.)  Notwithstanding the vagueness of the conclusion, the allegations hardly satisfy the pleading requirements for a RICO claim and Plaintiffs' complaint should be dismissed with prejudice.

12
13
**2.    <u>Plaintiffs Have Failed to Adequately Plead a Pattern of Racketeering Activity</u>**

14
15
16
17
18
19
20
21
In order to establish a "pattern of racketeering activity," Plaintiffs must demonstrate "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity."  18 U.S.C. 1961(5); <u>Sedima</u>, <u>supra</u>, 473 U.S. at 496 n. 14.  Here, Plaintiffs have alleged mail fraud and wire fraud as their predicate acts of racketeering activity.  (Complaint at ¶¶ 9, 11-14.)  However, Plaintiffs provide no evidence of when the <u>two</u> acts of racketeering activity took place – and for this reason alone, their pleadings are insufficiently pled.

22
**3.    <u>Plaintiffs Have Failed to Adequately Plead Mail Fraud and Wire Fraud</u>**

23
24
25
26
27
Notwithstanding Plaintiffs' failure to establish a "pattern of racketeering activity," their Complaint also fails to adequately plead mail fraud and wire fraud.  "Where plaintiffs allege mail and wire fraud as the basis of a RICO violation, the allegations of fraud must comport with the Fed.R.Civ.P. 9(b) heightened pleading standard.  <u>Poling v. K. Hovnanian Enterprises</u> 99 F.Supp.2d 502 (D.N.J. 2000).  Indeed, "[t]o plead mail or wire fraud with sufficient particularity,

28

1  plaintiffs must 'plead with particularity the 'circumstances' of the alleged fraud in order to place

2  the defendants on notice of the precise misconduct with which they are charged, and to safeguard

3  defendants against spurious charges of immoral and fraudulent behavior.'" <u>Poling</u>, <u>supra</u> 99

4  F.Supp.2d at 508, citing <u>Seville Indus. Machinery Corp. v. Southmost Machinery Corp.</u> 742 F.2d

5  786, 791 (3d Cir.1984), <u>cert. denied</u>.

6        Further, Plaintiffs must not only plead that the conduct was fraudulent, but also plead the

7  "date, place and time that the alleged fraud occurred or use some alternative means of injecting

8  precision and some measure of substantiation into their allegations of fraud." <u>Poling</u>, <u>supra</u>, 99

9  F.Supp.2d at 508.  If Plaintiffs plead only vague or conclusory allegations of fraud, their claims

10  will not survive a motion to dismiss.  <u>Id</u>.; <u>In re Burlington Coat Factory Securities Litig.</u> 114

11  F.3d 1410, 1418 (3d Cir.1997).   Finally, in those cases where plaintiffs generally allege fraud as

12  against multiple defendants, Rule 9(b) also requires that the allegations "inform… each

13  defendant as to the specific fraudulent acts he or she is alleged to have committed." <u>See</u> <u>Mayor</u>

14  <u>& Council of Borough of Rockaway v. Klockner & Klockner</u> 811 F.Supp. 1039, 1060 (D.N.J.

15  1993) (text omitted).

16        Here, Plaintiffs have failed to adequately plead their fraud claims, because they have

17  failed to establish that the acts of the Alborg Defendants were fraudulent.  As discussed above,

18  Plaintiffs rely exclusively on their unsupported <u>legal conclusion</u> that a foreclosing party must

19  somehow "prove" ownership of a promissory note and/or deed of trust before it is permitted to

20  initiate foreclosure proceedings due to a borrower's failure to pay on the note.  However,

21  Plaintiffs provide absolutely no statutory references or case law citations to support this

22  contention – let alone suggest how a foreclosing party could "prove" that it owns a note and deed

23  of trust, before it initiated a non-judicial foreclosure

24        From this conclusion, Plaintiffs then bootstrap the remainder of their conclusionary

25  allegations, legal characterizations, unreasonable inferences and unwarranted deductions of fact

26  to create some fantastic conspiracy amongst the unidentified defendants.  However, none of

27  these allegations need be accepted by this Court – leaving Plaintiffs' complaint fatally flawed.  In

28

1  re Delorean Motor Co. 991 F.2d 1236, 1240 (6th Cir. 1993); Taylor v. F.D.I.C. 132 F.3d 753,

2  762 (DC Cir. 1997); Transphase Systems, Inc. v. Southern Calif. Edison Co. 839 F.Supp. 711,

3  718 (C.D. CA 1993); Beliveau v. Caras, supra, 873 F.Supp. at 1395–1396.

4          Finally, Plaintiffs' allegations fail to satisfy the pleading requirements of Fed.R.Civ.P.

5  9(b) for fraud claims, because they fail to inform each defendant as to the specific fraudulent acts

6  he or she is alleged to have committed.  Rather, Plaintiffs have simply lumped the "defendants"

7  into a series of vague and conclusory allegations – failing to identify any specific defendant, and

8  failing to specifically identify the purported acts of each.

9          A cursory examination of Plaintiffs' complaint reveals that it is precisely the type of

10 complaint – one alleging spurious charges of immoral and fraudulent behavior – that the

11 heightened pleading requirements were meant to protect against.  As such, Plaintiffs' complaint

12 should be dismissed with prejudice.

13 **IV.    ALTERNATIVELY, THE ACTION SHOULD BE STAYED BASED ON THE
       FIRST-FILED STATE COURT ACTION**

14          As part of its general power to administer its docket, a district court may stay or dismiss a

15 suit that is duplicative of another federal court suit.   Curtis v. Citibank, N.A. 226 F.3d 133, 138.

16 (9th Cir. 2000)  "To determine whether a suit is duplicative, we borrow from the test for claim

17 preclusion,  the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s

18 the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the

19 matters at issue in the second suit."   Adams v. California Dept. of Health Services 487 F.3d 684,

20 688-9 (9th Cir. 2007).   The appropriate inquiry is:

21

22              [i]n assessing whether the second action is duplicative of the first, we
              examine whether the causes of action and relief sought, as well as the
23              parties or privies to the action, are the same… "[A] suit is duplicative if
              the claims, parties, and available relief do not significantly differ between
24              the two actions."

25 Id. at 689.  The facts pled in this lawsuit are virtually identical to that pled in the first-filed state

26 court action (see Request for Judicial Notice, Tab 1).  The only difference is that the facts are

27 included in the federal action within a RICO count.  However, the RICO claim could have been

28

brought in state court as well as federal court.  <u>Tafflin v. Levitt</u> 493 U.S. 455, 458, 110 S.Ct. 792, 794-5 (1990).

It is clear that "the two actions share a common transactional nucleus of facts." <u>Adams</u>, *supra* at 689.  The only difference is the legal theories.  It is equally clear any judgment in one action will affect the other.  <u>Id</u>. at 690.  The same parties are involved.  Both have as their object the foreclosure by Genpact.

Accordingly, the Court should respectfully stay or dismiss the federal action based upon the pendency of the state court action.

## V.  <u>CONCLUSION</u>

For the aforementioned reasons, the Alborg Defendants respectfully submit that Plaintiffs' complaint fails to allege facts sufficient to sustain any cognizable RICO claim against the Alborg Defendants – or any of the defendants.  Alternatively, it should be dismissed or stayed based upon the pendency of the state court lawsuit.

As such, the Alborg Defendants respectfully request that Plaintiffs' complaint be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

Dated:  July 1, 2008                                    Respectfully submitted,

                                                        ALBORG, VEILUVA & EPSTEIN

                                                        */s/ Michael J. Veiluva*

                                    By: _____
                                        MICHAEL J. VEILUVA
                                        DARRELL C. MARTIN
                                        Attorneys for Defendants
                                        MORTGAGE ELECTRONIC REGISTRATION
                                        SYSTEMS, INC. ALBORG, VEILUVA &
                                        EPSTEIN, LLP and GENPACT MORTGAGE
                                        SERVICES

192200.pldg.Motion to Dismiss.dcm.doc

**PROOF OF SERVICE**

I declare that I am employed in the County of Contra Costa, State of California. I am over the age of eighteen (18) years and not a party to the within entitled case, and my business address is Alborg, Veiluva & Epstein LLP, 200 Pringle Avenue, Suite 410, Walnut Creek, California 94596.  On the date set forth below I served the foregoing document described as **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ALBORG, VEILUVA & EPSTEIN, LLP, AND GENPACT MORTGAGE SERVICES' NOTICE OF MOTION AND MOTION TO DISMISS KENNETH BARKER AND LOIS ANNE BARKER'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 12(b)(6)]** on interested parties in this action in the manner(s) indicated below:

[x] **(OFFICE MAIL)** placing true and correct copies thereof enclosed in a sealed envelope(s), with first class postage fully prepaid, for collection and mailing at 200 Pringle Avenue, Suite 410, Walnut Creek, California 94596 addressed as set forth below.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so placed would be deposited with the United States Postal Service that same day in the ordinary course of business.

[ ] **(FACSIMILE)** transmission to a facsimile machine maintained by the person(s) on whom it is served at the facsimile machine telephone number as last given by that person(s) on any document filed in the case and served on the party making service.

[ ] **(OVERNIGHT DELIVERY)** placing true and correct copies thereof enclosed in a sealed envelope(s), for overnight delivery, in a box or other facility regularly maintained by an express service carrier, or delivered to an authorized courier or driver authorized by that express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the office address as last given by that person(s) on any document filed in the case and served on the party making service or at that party's place of residence.

**Plaintiffs in Pro Per**               Kenneth Barker
                                        Lois Anne Barker
                                        2349 Royal Oaks Drive
                                        Alamo, CA  94507
                                        Tel:    (925) 820-0198
                                        Fax:   (925) 820-0198

I declare that the foregoing is true and correct and that this declaration was executed in Walnut Creek, California on **July 1, 2008**.

*/s/ Jan Baerwald*
_____
Jan Baerwald

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES