HOLLAND & KNIGHT LLP
Vito A. Costanzo (State Bar #132754)
Richard W. Petty (State Bar #219633)
633 West Fifth Street, 21st Floor
Los Angeles, California 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

Attorneys for Defendant
FIDELITY NATIONAL
TITLE INSURANCE CO.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BARKER, and LOIS ANNE BARKER,<br><br>Plaintiffs<br><br>v.<br><br>DEFAULT RESOLUTION NETWORK; FIDELITY NATIONAL TITLE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ALBORG, VEILUVA & EPSTEIN; TITLE COURT SERVICES INC.; GENPACT MORTGAGE SERVICES; DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 08 CV 02898 CW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FIDELITY NATIONAL TITLE INSURANCE CO.'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM (Fed. Rule Civ. P. 12(b)(6))**<br><br>Date: August 28, 2008<br>Time: 2:00 P.M.<br>Ctrm: 2<br>Judge: Hon. Claudia Wilken |

## I. INTRODUCTION

The motion of defendant Fidelity National Title Insurance Co. ("Fidelity") pursuant to Rule 12(b)(6) to dismiss the entire complaint for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") should be granted because plaintiffs Kenneth and Lois Anne Barker ("Plaintiffs") have not alleged sufficient facts under any cognizable legal theory to sustain their claim against Fidelity.

Fidelity is one of several defendants whom the Plaintiffs accuse of violating RICO based solely on an assortment of random and conclusory allegations that simply track the language of the underlying statute. As far as Fidelity can discern, the complaint is based on the Plaintiffs' unhappiness about foreclosure proceedings commenced against them and Plaintiffs' unfounded accusation that Fidelity is part of a "predatory foreclosure mill." However, the Plaintiffs must plead specific facts demonstrating the requisite elements of a RICO claim in order to withstand a motion to dismiss. Because they have not done so, this motion should be granted and the complaint against Fidelity dismissed. Moreover, there is no basis for granting leave to amend to correct the gross inadequacies of the Complaint because any amendment would be futile.

## II. STATEMENT OF ALLEGATIONS

Plaintiffs allege that Fidelity and the other defendants "are associated in fact, acting jointly as a racketeering enterprise, engaged in an illegal scheme via a pattern of fraud, misrepresentation, and conspiracy, fraudulently using the U.S. Mails and interstate Wires for their unlawful financial gain to damage plaintiff." Complaint, ¶ 9. Plaintiffs further allege that "[b]y personal service on May 8, 2008, and again by Certified U.S. Mail on May 29, 2008, defendant served plaintiffs with an electronically filed Foreclosure 'Notice' using the U.S. Mail and interstate Wires. Unlawfully, however, defendant has no proof that it owns a Note, Deed of Trust, or Mortgage on the Property." *Id.,* ¶ 11. Finally, Plaintiffs conclude that "defendant is

1  engaged in a predatory 'Foreclosure Mill' conspiracy, using the U.S. Mail and
2  interstate Wires with the intent and purpose of obtaining fraudulent illegal financial
3  gain, and thereby damaging plaintiff." *Id.*, ¶ 13.
4      There are no further factual allegations to support Plaintiffs' Complaint.

### III. THE CLAIMS UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT SHOULD BE DISMISSED AS AGAINST FIDELITY NATIONAL TITLE INSURANCE CO.

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint and is proper only where there is a either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1990); *see also Impress Communications v. Unumprovident Corp.*, 335 F. Supp. 2d 1053, 1061-1062 (C.D. Cal. 2003); *In re Infonet Services Corp. Securities Litigation*, 310 F. Supp. 2d 1080, 1087 (C.D. Cal. 2003). In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, generally accept all well-pleaded factual allegations as true, and determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). If the plaintiff is not entitled to any remedy based on the face of the complaint, the court must dismiss the complaint. *See Hernandez c. McClanahan*, 996 F. Supp. 975, 978 (N.D. Cal. 1998).

Here, Plaintiffs have not alleged sufficient facts under a cognizable legal theory and, as a result, the motion to dismiss should be granted.

#### A. In Ruling On This Motion The Court Should Apply The Heightened Standard Of Pleading Under Rule 9(b)

RICO complaints are subject to strict scrutiny on motions to dismiss for failure to state a claim and for failure to allege facts sufficiently. "The mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those

named as defendants. In fairness to innocent parties, courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Figueroa Ruiz v. Alegria,* 896 F. 2d 645, 650 (1st Cir. 1990). "The [RICO] complaint must be anchored in a bed of facts, not allowed to float freely on a sea of bombast. That is to say, a court assessing a claim's sufficiency has no obligation to take on matters on blind faith; despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation. *Miranda v. Ponce Fed. Bank*, 948 F. 2d 41, 44 (1st Cir. 1991) (internal quotation marks and citation omitted).

Moreover, where, as here, the RICO complaint involves allegations of fraud, the many courts that have considered the question have all concluded that Rule 9(b)'s special pleading requirement applies to such civil RICO claims. *See, e.g., Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F. 2d 1393, 1400-1401 (9th Cir. 1986). Further, a RICO plaintiff must allege each of the statutory elements of the predicate acts on which he or she relies. *See Republic of Panama v. BCCI Holdings*, 119 F. 3d 935, 948-949 (11th Cir. 1997). As explained by the court in *Republic of Panama,* "[s]ection 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating any of its predicate statutes. . . . Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Id.* (internal citations omitted).

Thus, in ruling on this Motion, the Court should apply Rule 9(b)'s special pleading requirements. Because Plaintiffs rely almost exclusively upon conclusory allegations that merely restate the language of the statute bereft of any substantive factual allegations, this Motion should be granted and the Complaint against Fidelity should be dismissed.

///

### B. Plaintiffs' Allegations Are Fatally Deficient

The substantive liability provisions of RICO are found in § 1962, which has four subsections. The Complaint fails to identify the sub-section under which Plaintiffs are seeking relief. However, it appears that Plaintiffs are proceeding under § 1962(c), which makes it unlawful for a person to manipulate an enterprise for purposes of engaging in, concealing, or benefiting from a pattern of racketeering activity.

To state a claim under § 1962(c), the plaintiff must allege each of the four elements required by the statute: "(1) conduct (2) of an enterprise, (3) through a pattern of (4) racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496. In many crucial respects, however, the list of four elements enumerated in *Sedima* is incomplete. The Second Circuit has provided the following description of eight elements required to sustain a civil RICO claim based on "pattern" allegations:

> [Plaintiff] must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts, (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. Plaintiff must allege adequately defendant's violation of section 1962 before turning to the second burden – i.e. invoking RICO's civil remedies of treble damages, attorneys' fees and costs. To satisfy this latter burden plaintiff must allege that he was (8) "injured in his business or property by reason of" a violation of section 1962.

*Moss v. Morgan Stanley, Inc.*, 719 F. 2d 5, 17 (2d Cir. 1983) (citations omitted).

/ / /

/ / /

### 1. Plaintiffs Cannot Rely On Conclusory Allegations That Fidelity Engaged In "Racketeering Activity"

"Racketeering activity" consists of the commission of a predicate act defined in 18 U.S.C. § 1961(1). *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 495. The predicate acts upon which Plaintiffs rely in their Complaint are the federal offenses of mail fraud and wire fraud.[1] The heightened pleading standard set forth in Rule 9(b) applies to allegations of predicate acts consisting of mail fraud and wire fraud. *Feinstein v. Resolution Trust Corp.,* 942 F. 2d 34, 42 (1st Cir. 1991). Thus, the plaintiff must identify the defendant who made the alleged communication, and the time, place and content of the alleged communication. *See, e.g., New England Data Services v. Becher,* 829 F. 2d 286, 290 (1st Cir. 1987). Several courts have also held that Rule 9(b) requires that a civil RICO complaint must specify the time, place, and content of the defendant's allegedly fraudulent representations. *Midwest Grinding Co. v. Spitz,* 769 F. Supp. 1457 (7th Cir. 1992); *Creed Taylor, Inc. v. CBS, Inc.,* 718 F. Supp. 1171 (S.D.N.Y. 1989); *Bender v. Southland Corp.,* 749 F. 2d 1205, 1216 (6th Cir. 1984). Courts have also required that when dealing with more than one defendant, the plaintiff must specify which defendant told which lie and under what circumstances. *In re National Mortgage Equity Corp. Mortgage Pool,* 636 F. Supp. 1138, 1158-1159 (C.D. Cal. 1986). Courts have also found Rule 9(b) violations when the complaint fails to particularize the roles of individual defendants. *See, e.g., Moore v. Kayport Package Express, Inc.,* 885 F. 2d 531, 541 (9th Cir. 1989).

---

[1] The essential elements of mail fraud under section 1341 and wire fraud under section 1343 are: (1) the formation of a scheme or artifice to defraud; and (2) the use of the mails or interstate communications wires in furtherance of the scheme. *United States v. Bohonus,* 628 F. 2d 1167, 1171 (9th Cir. 1980).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FIDELITY NATIONAL TITLE INSURANCE CO.'S MOTION TO DISMISS THE COMPLAINT

Plaintiffs do not allege the time, place, or content of the defendants' allegedly fraudulent representations. Plaintiffs do not specify which defendant is alleged to have told which lie and under what neither circumstances, nor do Plaintiffs particularize the role of any individual defendant. At most, Plaintiffs' allegations of mail and wire fraud merely track the language of the mail and wire fraud statutes. Such allegations do not satisfy Rule 9(b). *Levine v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 639 F. Supp. 1391, 1396. Thus, Plaintiffs have failed to allege facts the proof of which would demonstrate that Fidelity committed any predicate act which would constitute racketeering activity.

### 2.     Plaintiffs Have Not Alleged That Fidelity Engaged In A "Pattern" Of Racketeering Activity

"The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of continuity plus relationship which combines to produce a pattern." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 n. 14 (1985). It is clear that no pattern will be found where there is only a single transaction with a single victim. *Medallion TV Enters., Inc. v. SelecTV of Cal.*, 833 F. 2d 1360, 1365 (9th Cir. 1987).

Plaintiffs have not alleged the existence of a pattern of racketeering activity. All that Plaintiffs allege is a single instance of fraud against a single victim. In particular, Plaintiffs allege that "[b]y personal service on May 8, 2008, and again by Certified U.S. Mail on May 29, 2008, defendant served plaintiffs with an electronically filed Foreclosure 'Notice' using the U.S. Mail and interstate Wires." Complaint, ¶ 11. Plaintiffs offer no allegations of fact concerning any other victim or the details of any other foreclosure. Thus, Plaintiffs have not alleged facts the proof of which would demonstrate a threat of continuing activity.

/ / /

/ / /

-7-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FIDELITY NATIONAL TITLE INSURANCE CO.'S MOTION TO DISMISS THE COMPLAINT

### 3. The Plaintiff Fails To Allege An Injury Cognizable Under RICO And Fails To Allege Proximate Cause

An essential element of a RICO claim is injury to the plaintiff's "business or property." 18 U.S.C. § 1964(c). All that Plaintiffs allege is that they have "suffered damages in an amount not yet ascertained, with interest on that amount, based upon triple damages that are mandated by law for the RICO violations cited above." Complaint, ¶ 16. The Plaintiffs do not allege how they have been injured by Fidelity's purported conduct or the nature of the injury suffered. In fact, Plaintiffs even concede that their property has not yet been sold. *Id.*, ¶ 8. Thus, it does not appear that Plaintiffs have suffered any injury as a result of Fidelity's purported conduct.

### 4. The Plaintiff Fails To Allege Proximate Cause

Another essential element of a RICO claim is the assertion that the defendants' alleged misconduct is the proximate cause of injury to the plaintiff's business or property. *Anza v. Ideal Steel Supply Corp.,* 126 S. Ct. 1991, 1997-1998 (2006). The Plaintiffs have failed to allege that Fidelity's actions were the proximate cause of their injury, even in conclusory terms. The reason for this omission is clear – Plaintiffs' have not yet suffered any injury.

### 5. The Plaintiffs Fail To Allege The Existence Of An Associated-In-Fact Enterprise

An associated-in-fact enterprise under RICO is "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette,* 452 U.S. 576, 583 (1981). To establish the existence of such an enterprise, a plaintiff must provide both "evidence of an ongoing organization, formal or informal," and "evidence that the various associates function as a continuing unit."

Plaintiffs have not alleged facts that, if proved, provide sufficient evidence of a "common purpose", of an "ongoing organization," or of a "continuing unit." *See,*

*e.g., Odom v. Microsoft Corporation,* 486 F.3d 541, 552-553 (9th Cir. 2007). All that Plaintiffs allege is the identity of the members of the association and that association engaged in a conspiracy to "fraudulently obtain money from plaintiff and Others." Complaint, ¶¶ 14 and 15. Without further factual support, these allegations cannot support a RICO claim.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be granted and the complaint should be dismissed as against defendant Fidelity National Title Insurance Co.

Dated: July 3, 2008

Respectfully submitted,
HOLLAND & KNIGHT LLP

_____
Richard W. Petty

Attorneys for Defendant
FIDELITY NATIONAL TITLE
INSURANCE CO.

# 5449801_v1

*Barker et al. v Default Resolution; Fidelity National Title; et al.*
U.S. District Court- California Northern District (Oakland)
Civil Case No. 08 CV 02898 CW

## PROOF OF SERVICE

State of California     )
                        )  ss.
County of Los Angeles   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 633 West Fifth Street, 21st Floor, Los Angeles, California 90071.

On July 3, 2008, I served the document described a **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FIDELITY NATIONAL TITLE INSURANCE CO.'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM (Fed. Rule Civ. P. 12(b)(6))** on the interested parties in this action, enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   **[BY MAIL]** Following ordinary business practices, I placed the document for collection and mailing at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071, in a sealed envelope. I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

☐   **[BY UPS]** Following ordinary business practices, I placed the document for collection and UPS delivery, "next day air" at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071. I am readily familiar with the business' practice for collection and processing of correspondence for delivery by UPS (Next Day Air), and, in the ordinary course of business, such correspondence would be deposited with UPS on the day on which it is collected at the business.

X   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 3, 2008, Los Angeles, California.

_____
Yvonne Fernandez

Case 4:08-cv-02898-CW    Document 8    Filed 07/03/2008    Page 11 of 11

***Barker et al. v Default Resolution; Fidelity National Title; et al.***
U.S. District Court- California Northern District (Oakland)
Civil Case No. 08 CV 02898 CW

<u>Service List</u>

| | |
|---|---|
| Kenneth Barker<br>2349 Royal Oaks Drive<br>Alamo, CA 94507<br><br>**Plaintiff,** *pro se* | Lois Anne Barker<br>2349 Royal Oaks Drive<br>Alamo, CA 94507<br><br>**Plaintiff,** *pro se* |

Michael John Veiluva
Alborg Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
Tel: 925.929.9880
Fax: 925.939.9915

**Attorneys for Defendants
Mortgage Electronic Registration Systems,
Inc.; and Alborg, Veiluva & Epstein.**

# 5455902_v1