1  HOLLAND & KNIGHT LLP
     Vito A. Costanzo (State Bar #132754)
2     Richard W. Petty (State Bar #219633)
   633 West Fifth Street, 21st Floor
3  Los Angeles, California 90071-2040
   Telephone (213) 896-2400
4  Facsimile (213) 896-2450

5  Attorneys for Defendants
   FIDELITY NATIONAL
6  TITLE INSURANCE CO. and
   DEFAULT RESOLUTION NETWORK

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  KENNETH BARKER, and LOIS          Case No.  08 CV 02898 CW
    ANNE BARKER,
12                                    **MEMORANDUM OF POINTS AND
                                      AUTHORITIES IN SUPPORT OF
                   Plaintiffs         DEFAULT RESOLUTION
13                                    NETWORK'S MOTION TO
                                      DISMISS THE COMPLAINT FOR
14        v.                          FAILURE TO STATE A CLAIM
                                      (Fed. Rule Civ. P. 12(b)(6))**
15  DEFAULT RESOLUTION
    NETWORK; FIDELITY NATIONAL
16  TITLE; MORTGAGE ELECTRONIC
    REGISTRATION SYSTEMS, INC.;       Date:       August 28, 2008
17  ALBORG, VEILUVA & EPSTEIN;        Time:       2:00 P.M.
    TITLE COURT SERVICES INC.;        Ctrm:       2
18  GENPACT MORTGAGE SERVICES;        Judge:      Hon. Claudia Wilken
    DOES 1 through 50, inclusive,
19
                   Defendants.
20

21

22

23

24

25

26

27

28

– 1 –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DEFAULT
RESOLUTION NETWORK'S MOTION TO DISMISS THE COMPLAINT

1

## I.    INTRODUCTION

2    The motion of defendant Default Resolution Network ("DRN") pursuant to

3  Rule 12(b)(6) to dismiss the entire complaint for violation of the Racketeer

4  Influenced and Corrupt Organizations Act ("RICO") should be granted because

5  plaintiffs Kenneth and Lois Anne Barker ("Plaintiffs") have not alleged sufficient

6  facts under any cognizable legal theory to sustain their claim against DRN.

7    DRN is one of several defendants whom the Plaintiffs accuse of violating

8  RICO based solely on an assortment of random and conclusory allegations that

9  simply track the language of the underlying statute.  As far as DRN can discern, the

10  complaint is based on the Plaintiffs' unhappiness about foreclosure proceedings

11  commenced against them and Plaintiffs' unfounded accusation that DRN is part of a

12  "predatory foreclosure mill."  However, the Plaintiffs must plead specific facts

13  demonstrating the requisite elements of a RICO claim in order to withstand a

14  motion to dismiss.  Because they have not done so, this motion should be granted

15  and the complaint against DRN dismissed.  Moreover, there is no basis for granting

16  leave to amend to correct the gross inadequacies of the Complaint because any

17  amendment would be futile.

18  ## II.    STATEMENT OF ALLEGATIONS

19    Plaintiffs allege that DRN and the other defendants "are associated in fact,

20  acting jointly as a racketeering enterprise, engaged in an illegal scheme via a pattern

21  of fraud, misrepresentation, and conspiracy, fraudulently using the U.S. Mails and

22  interstate Wires for their unlawful financial gain to damage plaintiff."  Complaint, ¶

23  9.  Plaintiffs further allege that "[b]y personal service on May 8, 2008, and again by

24  Certified U.S. Mail on May 29, 2008, defendant served plaintiffs with an

25  electronically filed Foreclosure 'Notice' using the U.S. Mail and interstate Wires.

26  Unlawfully, however, defendant has no proof that it owns a Note, Deed of Trust, or

27  Mortgage on the Property."  *Id.,* ¶ 11.  Finally, Plaintiffs conclude that "defendant is

28  engaged in a predatory 'Foreclosure Mill' conspiracy, using the U.S. Mail and

1  interstate Wires with the intent and purpose of obtaining fraudulent illegal financial

2  gain, and thereby damaging plaintiff." *Id.,* ¶ 13.

3  There are no further factual allegations to support Plaintiffs' Complaint.

4  **III.   THE CLAIMS UNDER THE RACKETEER INFLUENCED AND**

5  **CORRUPT ORGANIZATIONS ACT SHOULD BE DISMISSED AS**

6  **AGAINST DEFAULT RESOLUTION NETWORK.**

7  A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in

8  the complaint and is proper only where there is a either a "lack of a cognizable legal

9  theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

10  *Balistreri v. Pacifica Police Dept.,* 901 F. 2d 696, 699 (9th Cir. 1990); *see also*

11  *Impress Communications v. Unumprovident Corp.,* 335 F. Supp. 2d 1053, 1061-

12  1062 (C.D. Cal. 2003); *In re Infonet Services Corp. Securities Litigation,* 310 F.

13  Supp. 2d 1080, 1087 (C.D. Cal. 2003).  In resolving a Rule 12(b)(6) motion, the

14  Court must construe the complaint in the light most favorable to the plaintiff,

15  generally accept all well-pleaded factual allegations as true, and determine whether

16  plaintiff can prove any set of facts to support a claim that would merit relief.  *See*

17  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996).  If the plaintiff

18  is not entitled to any remedy based on the face of the complaint, the court must

19  dismiss the complaint. *See Hernandez c. McClanahan,* 996 F. Supp. 975, 978

20  (N.D. Cal. 1998).

21  Here, Plaintiffs have not alleged sufficient facts under a cognizable legal

22  theory and, as a result, the motion to dismiss should be granted.

23  **A.   In Ruling On This Motion The Court Should Apply The**

24  **Heightened Standard Of Pleading Under Rule 9(b)**

25  RICO complaints are subject to strict scrutiny on motions to dismiss for

26  failure to state a claim and for failure to allege facts sufficiently.  "The mere

27  assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those

28  named as defendants.  In fairness to innocent parties, courts should strive to flush

1  out frivolous RICO allegations at an early stage of the litigation." *Figueroa Ruiz v.*

2  *Alegria,* 896 F. 2d 645, 650 (1st Cir. 1990). "The [RICO] complaint must be

3  anchored in a bed of facts, not allowed to float freely on a sea of bombast. That is

4  to say, a court assessing a claim's sufficiency has no obligation to take on matters

5  on blind faith; despite the highly deferential reading which we accord a litigant's

6  complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic

7  circumlocutions, unsubstantiated conclusions, or outright vituperation. *Miranda v.*

8  *Ponce Fed. Bank*, 948 F. 2d 41, 44 (1st Cir. 1991) (internal quotation marks and

9  citation omitted).

10      Moreover, where, as here, the RICO complaint involves allegations of fraud,

11  the many courts that have considered the question have all concluded that Rule

12  9(b)'s special pleading requirement applies to such civil RICO claims. *See, e.g.,*

13  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F. 2d 1393, 1400-1401 (9th

14  Cir. 1986). Further, a RICO plaintiff must allege each of the statutory elements of

15  the predicate acts on which he or she relies. *See Republic of Panama v. BCCI*

16  *Holdings*, 119 F. 3d 935, 948-949 (11th Cir. 1997). As explained by the court in

17  *Republic of Panama,* "[s]ection 1961 requires that a RICO plaintiff establish that a

18  defendant could be convicted for violating any of its predicate statutes. . . .

19  Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts

20  sufficient to support each of the statutory elements for at least two of the pleaded

21  predicate acts." *Id.* (internal citations omitted).

22      Thus, in ruling on this Motion, the Court should apply Rule 9(b)'s special

23  pleading requirements. Because Plaintiffs rely almost exclusively upon conclusory

24  allegations that merely restate the language of the statute bereft of any substantive

25  factual allegations, this Motion should be granted and the Complaint against DRN

26  should be dismissed.

27  / / /

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DEFAULT
RESOLUTION NETWORK'S MOTION TO DISMISS THE COMPLAINT

**B.    Plaintiffs' Allegations Are Fatally Deficient**

The substantive liability provisions of RICO are found in § 1962, which has four subsections.  The Complaint fails to identify the sub-section under which Plaintiffs are seeking relief.  However, it appears that Plaintiffs are proceeding under § 1962(c), which makes it unlawful for a person to manipulate an enterprise for purposes of engaging in, concealing, or benefiting from a pattern of racketeering activity.

To state a claim under § 1962(c), the plaintiff must allege each of the four elements required by the statute: "(1) conduct (2) of an enterprise, (3) through a pattern of (4) racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496.  In many crucial respects, however, the list of four elements enumerated in *Sedima* is incomplete.  The Second Circuit has provided the following description of eight elements required to sustain a civil RICO claim based on "pattern" allegations:

> [Plaintiff] must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts, (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.  Plaintiff must allege adequately defendant's violation of section 1962 before turning to the second burden – i.e. invoking RICO's civil remedies of treble damages, attorneys' fees and costs.  To satisfy this latter burden plaintiff must allege that he was (8) "injured in his business or property by reason of" a violation of section 1962.

*Moss v. Morgan Stanley, Inc.,* 719 F. 2d 5, 17 (2d Cir. 1983) (citations omitted).

/ / /

/ / /

1             **1.**     **Plaintiffs Cannot Rely On Conclusory Allegations That**

2                    **Default Resolution Network Engaged In "Racketeering**

3                    **Activity"**

4      "Racketeering activity" consists of the commission of a predicate act defined

5 in 18 U.S.C. § 1961(1). *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495. The

6 predicate acts upon which Plaintiffs rely in their Complaint are the federal offenses

7 of mail fraud and wire fraud.[1] The heightened pleading standard set forth in Rule

8 9(b) applies to allegations of predicate acts consisting of mail fraud and wire fraud.

9 *Feinstein v. Resolution Trust Corp.*, 942 F. 2d 34, 42 (1st Cir. 1991). Thus, the

10 plaintiff must identify the defendant who made the alleged communication, and the

11 time, place and content of the alleged communication. *See, e.g., New England Data*

12 *Services v. Becher,* 829 F. 2d 286, 290 (1st Cir. 1987). Several courts have also held

13 that Rule 9(b) requires that a civil RICO complaint must specify the time, place,

14 and content of the defendant's allegedly fraudulent representations. *Midwest*

15 *Grinding Co. v. Spitz,* 769 F. Supp. 1457 (7th Cir. 1992); *Creed Taylor, Inc. v. CBS,*

16 *Inc.,* 718 F. Supp. 1171 (S.D.N.Y. 1989); *Bender v. Southland Corp.,* 749 F. 2d

17 1205, 1216 (6th Cir. 1984). Courts have also required that when dealing with more

18 than one defendant, the plaintiff must specify which defendant told which lie and

19 under what circumstances. *In re National Mortgage Equity Corp. Mortgage Pool*,

20 636 F. Supp. 1138, 1158-1159 (C.D. Cal. 1986). Courts have also found Rule 9(b)

21 violations when the complaint fails to particularize the roles of individual

22

23

24 _____

25 [1] The essential elements of mail fraud under section 1341 and wire fraud under section 1343 are:

26 (1) the formation of a scheme or artifice to defraud; and (2) the use of the mails or interstate

27 communications wires in furtherance of the scheme. *United States v. Bohonus,* 628 F. 2d 1167,

28 1171 (9th Cir. 1980).

1  defendants. *See, e.g., Moore v. Kayport Package Express, Inc.,* 885 F. 2d 531, 541
2  (9th Cir. 1989).

3      Plaintiffs do not allege the time, place, or content of the defendants' allegedly
4  fraudulent representations.  Plaintiffs do not specify which defendant is alleged to
5  have told which lie and under what circumstances, nor do Plaintiffs particularize the
6  role of any individual defendant.  At most, Plaintiffs' allegations of mail and wire
7  fraud merely track the language of the mail and wire fraud statutes.  Such
8  allegations do not satisfy Rule 9(b).  *Levine v. Merrill Lynch, Pierce, Fenner &*
9  *Smith, Inc.,* 639 F. Supp. 1391, 1396.  Thus, Plaintiffs have failed to allege facts the
10  proof of which would demonstrate that DRN committed any predicate act which
11  would constitute racketeering activity.

12              **2.    Plaintiffs Have Not Alleged That Default Resolution**
13                   **Network Engaged In A "Pattern" Of Racketeering Activity**

14      "The target of [RICO] is thus not sporadic activity.  The infiltration of
15  legitimate business normally requires more than one 'racketeering activity' and the
16  threat of continuing activity to be effective.  It is this factor of continuity plus
17  relationship which combines to produce a pattern." *Sedima, S.P.R.L. v. Imrex Co.,*
18  *Inc.,* 473 U.S. 479, 496 n. 14 (1985).  It is clear that no pattern will be found where
19  there is only a single transaction with a single victim.  *Medallion TV Enters., Inc. v.*
20  *SelecTV of Cal.,* 833 F. 2d 1360, 1365 (9th Cir. 1987).

21      Plaintiffs have not alleged the existence of a pattern of racketeering activity.
22  All that Plaintiffs allege is a single instance of fraud against a single victim.  In
23  particular, Plaintiffs allege that "[b]y personal service on May 8, 2008, and again by
24  Certified U.S. Mail on May 29, 2008, defendant served plaintiffs with an
25  electronically filed Foreclosure 'Notice' using the U.S. Mail and interstate Wires."
26  Complaint, ¶ 11.  Plaintiffs offer no allegations of fact concerning any other victim
27  or the details of any other foreclosure.  Thus, Plaintiffs have not alleged facts the
28  proof of which would demonstrate a threat of continuing activity.

1

2

### 3.    The Plaintiffs Fail To Allege An Injury Cognizable Under
### RICO And Fail To Allege Proximate Cause

3    An essential element of a RICO claim is injury to the plaintiff's "business or

4  property." 18 U.S.C. § 1964(c). All that Plaintiffs allege is that they have "suffered

5  damages in an amount not yet ascertained, with interest on that amount, based upon

6  triple damages that are mandated by law for the RICO violations cited above."

7  Complaint, ¶ 16. The Plaintiffs do not allege how they have been injured by DRN's

8  purported conduct or the nature of the injury suffered. In fact, Plaintiffs even

9  concede that their property has not yet been sold. *Id.*, ¶ 8. Thus, it does not appear

10  that Plaintiffs have suffered any injury as a result of DRN's purported conduct.

11

### 4.    The Plaintiffs Fail To Allege Proximate Cause

12    Another essential element of a RICO claim is the assertion that the

13  defendants' alleged misconduct is the proximate cause of injury to the plaintiff's

14  business or property. *Anza v. Ideal Steel Supply Corp.,* 126 S. Ct. 1991, 1997-1998

15  (2006). The Plaintiffs have failed to allege that DRN's actions were the proximate

16  cause of their injury, even in conclusory terms. The reason for this omission is

17  clear – Plaintiffs' have not yet suffered any injury.

18

### 5.    The Plaintiffs Fail To Allege The Existence Of An
### Associated-In-Fact Enterprise

19

20    An associated-in-fact enterprise under RICO is "a group of persons

21  associated together for a common purpose of engaging in a course of conduct."

22  *United States v. Turkette,* 452 U.S. 576, 583 (1981). To establish the existence of

23  such an enterprise, a plaintiff must provide both "evidence of an ongoing

24  organization, formal or informal," and "evidence that the various associates

25  function as a continuing unit."

26    Plaintiffs have not alleged facts that, if proved, provide sufficient evidence of

27  a "common purpose", of an "ongoing organization," or of a "continuing unit." *See,*

28  *e.g., Odom v. Microsoft Corporation,* 486 F.3d 541, 552-553 (9th Cir. 2007). All

1   that Plaintiffs allege is the identity of the members of the association and that

2   association engaged in a conspiracy to "fraudulently obtain money from plaintiff

3   and Others."  Complaint, ¶¶ 14 and 15.  Without further factual support, these

4   allegations cannot support a RICO claim.

5   **IV.**   **CONCLUSION**

6       For the foregoing reasons, the Motion to Dismiss should be granted and the

7   complaint should be dismissed as against defendant Default Resolution Network.

8   Dated: July 7, 2008           Respectfully submitted,
                          HOLLAND & KNIGHT LLP

9

10

11                           Richard W. Petty

12                           Attorneys for Defendant
                          DEFAULT RESOLUTION

13                           NETWORK

14   # 5456134_v1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DEFAULT
RESOLUTION NETWORK'S MOTION TO DISMISS THE COMPLAINT

*Barker et al. v Default Resolution; Fidelity National Title; et al.*
U.S. District Court- California Northern District (Oakland)
Civil Case No. 08 CV 02898 CW

## PROOF OF SERVICE

State of California      )
                         )      ss.
County of Los Angeles    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 633 West Fifth Street, 21st Floor, Los Angeles, California 90071.

On July 7, 2008, I served the document described a **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFAULT RESOLUTION NETWORK'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM (Fed. Rule Civ. P. 12(b)(6))** on the interested parties in this action, enclosed in a sealed envelope, addressed as follows:

### SEE ATTACHED SERVICE LIST

☒ **[BY MAIL]** Following ordinary business practices, I placed the document for collection and mailing at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071, in a sealed envelope. I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

☐ **[BY UPS]** Following ordinary business practices, I placed the document for collection and UPS delivery, "next day air" at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071. I am readily familiar with the business' practice for collection and processing of correspondence for delivery by UPS (Next Day Air), and, in the ordinary course of business, such correspondence would be deposited with UPS on the day on which it is collected at the business.

X   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 7, 2008, Los Angeles, California.

_____
Yvonne Fernandez

*Barker et al. v Default Resolution; Fidelity National Title; et al.*
U.S. District Court- California Northern District (Oakland)
Civil Case No. 08 CV 02898 CW

<u>Service List</u>

1

2

Kenneth Barker                                    Lois Anne Barker
3        2349 Royal Oaks Drive                    2349 Royal Oaks Drive
Alamo, CA 94507                                   Alamo, CA 94507
4

5        **Plaintiff,** *pro se*                  **Plaintiff,** *pro se*

6        Michael John Veiluva
Alborg Veiluva & Epstein LLP
7        200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
8        Tel:  925.929.9880
Fax:  925.939.9915
9

10       **Attorneys for Defendants**
**Mortgage Electronic Registration Systems,**
11       **Inc.; and Alborg, Veiluva & Epstein.**

12

13

14

15

16

17

18
\# 5455902_v1
19

20

21

22

23

24

25

26

27

28