Kenneth Barker
2349 Royal Oaks Drive,
Alamo, CA. 94507
Phone ( 925 ) 820 0198.
Fax    ( 925 ) 820-0198.

Plaintiff In Pro Se.

FILED

AUG - 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH BARKER, and
LOIS ANNE BARKER.

   Plaintiffs
      v.
DEFAULT RESOLUTION
NETWORK; FIDELITY NATIONAL
TITLE INSURANCE CO.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
ALBORG, VEILUVA & EPSTEIN;
TITLE COURT SERVICES INC.;
GENPACT MORTGAGE SERVICES;
DOES 1 through 50 inclusive.

   Defendants

Case No. 08 CV 02898 CW

OPPOSITION TO DEFENDANT
FIDELITY NATIONAL TITLE
INSURANCE C0.and DEFAULT
RESOLUTION NETWORK'S
MOTION TO DISMISS
COMPLAINT FOR ALLEGED
FAILURE TO STATE A
CLAIM (Rule 12 (b)(6)

### MEMORANDUM OF POINTS AND AUTHOUTITIES FILED BY PLAINTIFFS IN OPPOSITION TO THE HOLLAND DEFENDANTS MOTION TO DISMISS THE BARKERS COMPLAINT.

1.

### INTRODUCTION.

1 ) This complaint involves allegations by plaintiffs Kenneth Barker and Lois Anne Barker, for violations by defendants of The Racketeer Influenced And Corrupt Organization Act

( RICO ) 18 U.S.C. Section 1961-1968, for the following conduct:

2 ) Defendants are an association in fact, acting as a racketeering enterprise, engaged an an illegal scheme, via a pattern of fraud, misrepresentation, and conspiracy, to defraud plaintiffs for defendants illegal financial gain, by : ( 1 ) Filing a fraudulent non judicial foreclosure notice without owning the Note or Mortgage at the time of filing the Notice of Default ( hereinafter, NOD ) ;  ( 2 ) Fraudulent invoicing practices claiming monies not owed ; ( 3 ) Additionally, on a nation wide basis, Fidelity National Title Insurance Co., ( herein after, Fidelity ) is engaged in an illegal scheme of kickback/fee splitting of legal fees with it's " Network." attorneys for moneys generated in bankruptcy and foreclosure cases ; ( 4 )  a continuing ongoing pattern of racketeering activity.

3 ) For sake of Court efficiency, plaintiff incorporates by reference as if set fully set forth herein, it's " Memorandum of Points and Authorities Filed By Plaintiff In Opposition Alborg Defendants Motion to Dismiss The Barker Complaint " paragraphs 10 to 41, and **Exhibit No. 1**, which are filed with the concurrent Alborg motion to dismiss the Complaint.

4 ) The Complaint; the above referenced  Memorandum of Points and Authorities; and **Exhibit 1**; all show Fidelity's illegal kickback schemes are text book examples of multiple predicate acts, resulting in numerous violations of civil RICO on a nation wide basis. Fidelity is the ***Foreclosure Kickback King***, being  involved in multi thousands of foreclosures, and multitudes of illegal fee splitting kickbacks with compliant " Network " attorneys. It is believed that both the Alborg law firm, and Holland and Knight, are members of the Fidelity attorney "Network "

5 ) Defendants served a fraudulent NOD on plaintiffs via U.S. Certified Mail dated May 29, 2008. The NOD was electronically filed with Contra Costa County. Therefore, both the U.S. Mails and interstate Wires were used by defendants to file the NOD. The NOD invoice stated plaintiff owned defendants $750,000.00, plus a further sum of $137,818.75 as of April 30, 2008, plus ongoing legal fees and other various costs. The NOD invoice, plus ongoing legal fees and other costs are trumped up, inflated and fraudulent, and were intended to fraudulently deprive plaintiffs of their home.

6 ) The Holland defendants consist of Fidelity and it's operating subsidiary, Default Resolution Network. Both companies have the same address which is: 50 California Street, Suite 3350, San Francisco, CA. Fidelity has several operating subsidiaries ( i.e. Fidelity National Information Services and Fidelity National Foreclosure Solutions ) all are engaged in the same illegal kickback fee splitting scheme with it's " Network." attorneys. The NOD was recorded by Default Resolution Network, which company acts as a front for Fidelity, with Fidelity being the behind the scenes puppet master directing fraudulent conduct alleged in this civil RICO complaint.

7 ) The NOD invoice on page 2, certifies that that Mortgage Electronic Registration Services, Inc.,( hereinafter MERS ) is entitled to the proceeds of the Deed of Trust " **as beneficiary** " on the Barker property which is located at 2349 Royal Oaks Drive, Alamo, CA. 94507.( hereinafter, premises or property ) The undefined meaning of the words " **as beneficiary** " however, is left to conjuncture. These words do not certify that MERS is the actual " beneficiary " who owns the Note or Mortgage. Critically, the Alborg Motion, contradicts the April 30, 2008 NOD, by claiming:

" **The beneficial interest mortgage is held by defendant Genpact .**" ( page 1 lines 24 -25 ) and not MERS. Unquestionably, as used by defendants, the undefined meaning of the words "**... as beneficiary...**" and "**... beneficial interest...** " are artfully constructed legal lies, clearly intended to mislead and deceive plaintiffs by leading plaintiffs to believe defendants owned the Note or Mortgage, when they did not do so.

If defendants really do own the Note or Mortgage, it would be a very simple matter for them to produce a copy for the Court. However, their failure to do so, brings into very sharp focus the complained of fraud and resulting civil RICO violations.

8 ) Clearly fraud exists when both MERS and Genpact claim they own the same beneficial interest in the Barker mortgage, when neither one owns the Note or Mortgage. As requested by the Complaint, for that reason alone, the NOD should be canceled, dismissed, and thrown out, as was recently ordered by three Honorable Federal Judges: Boyko, O' Malley, and Rose for the similar reasons.

### 11.

### PLAINTIFFS OPPOSITION TO THE HOLLAND DEFENDANTS
### POINTS AND AUTHOURITIES

9 ) The Holland defendants argue that plaintiffs have not alleged facts sufficient under a cognizable legal theory. Therefore, according to Holland, the Complaint should be dismissed. As explained below, however, the Holland defendants make repeated shot gun generalizations, but critically ignore the details of the actual pleadings, which show plaintiffs have alleged sufficient facts and cognizable legal theories for a compliant RICO action.

10 ) The purpose of a Motion to Dismiss is a test of of the sufficiency of the complaint, not to decide it's merits. <u>Navarro v. Block</u> 250 F 3d 729 ( 9 th Cir. 2001 ). In reviewing a Fed. R. Civ. P. 12 ( b ) ( 6 ) Motion, the Court accepts allegations as true and construes them in the most favorable light to plaintiff <u>Epstein v. Washington Energy Co</u>., 83 F 3d 1136, 1140 ( 9 th Cir. 1999 ). Defendants, however, argue that this law does not apply.

11 ) Additionally, the court will <u>*not*</u> dismiss a complaint for failure to state a claim "... unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief ." <u>Conley v. Gibson</u> U.S. 41, 45-46 ( 1957 ). Dismissal is only proper where there is no cognizable legal theory or an absence of sufficient facts to support a cognizable legal theory. <u>Navarro</u> 250 F 3d at 732. supra. Defendants, however, argue that this Supreme Court decision does not apply.

**Opposition To The Allegation That " Heightened Standard Of Pleading Under Rule 9 ( b) " Requirements Were Not Met by The Complaint.**

12 ) Where fraud is alleged in a RICO filing, ( as here ) the complaint must contain specific facts supporting it's conclusions in order to meet the " particularity " requirements of Rule 9 ( b).<u>Lally v. Crawford County Trust & Savings Bank</u> 863 F 2d 612( 8th Cir. 1988 ).

13 ) The Complaint fully meets the heightened standard of pleading under Rule 9 ( b ) because, with " particularity ", it states the time, place, speaker, and content of the alleged misrepresentations.

14 ) Specifically: the Complaint at page 3, line 24 to page 4, line 5, states the following:

" By personal service on May 8, 2008, [ *time* ] and again by Certified Mail on May 29,

2008 [ *time* ] defendant [ *speaker* ] served plaintiffs with an electronically filed Foreclosure " Notice " [*place*] using the U.S. Mail [ *place* ] and interstate wires. Unlawfully, however defendant [ *speaker*] has no proof that it owns the Note, Deed of Trust or Mortgage.[ *content of alleged misrepresentations* ] Using the U.S. Mails and interstate wires to file a Foreclosure " Notice." on plaintiff's property without the legal right to do so constitutes an illegal scheme to commit fraud, conspiracy to commit to commit fraud, and fraud, in order to fraudulently seize plaintiffs Property for defendants illegal financial gain and harm plaintiff." [ *content of the alleged misrepresentations* ] Additionally, the Complaint states: " Defendants, as persons, set up an organizational association in fact enterprise structure, consisting of a title company [ Fidelity ] an agent of the title company [ Default Resolution Network ] a law firm [ Alborg ] a beneficiary [ MERS ] and agents for them.[ Genpact, and Title Court Services, Inc. ] ( Complaint page 5. lines 7 to 10 )

15 ) From the above, defendants were provided with fair notice of plaintiffs claims, which are set forth in sufficient detail for time, place, speaker, and content of the alleged misrepresentations. Therefore, the Complaint clearly meets the " particularity." requirements of Rule 9 ( b ).

**Opposition to Allegation " Plaintiffs Allegations Are Fatally Deficient ."**

16 ) Defendants claims the Complaint is defective because it does not allege the four elements needed for a RICO 1962 ( c) complaint, which are: ( 1) *conduct,* ( 2 ) *enterprise,* ( 3 ) *through a pattern,* ( 4 ) *racketeering activity.* Again, however, defendants make sweeping unsupported allegations, which are contradicted by the actual pleadings.

Correction is provided as follows:

17) **_"Conduct"_**: Undeniably, defendants filed a NOD without owning the Note or Mortgage on Mortgage on the Premises. Moreover, MERS and Genpact even dispute among themselves as to which one of them holds an undefined beneficial interest in the mortgage, when neither one owned the Note or mortgage. This conduct constitutes fraud and a civil RICO violation.

18) **_"Enterprise"_**: RICO 1961 (4) defines " enterprise " as a term which " includes any individual, partnership, corporation, association, or other legal entity, any any union or group of individuals associated in fact although not a legal entity."

Defendants are six different (6) companies associated in fact, with five (5) of the six (6) defendants being named in the NOD invoice. The sixth company (Genpact) is the parent company of MERS. Therefore, all defendants are associated in fact being engaged in an illegal enterprise.

19) **_"Through a Pattern"_**  A clear cut pattern of racketeering activity exists as shown by the following:

Undeniably, (1) defendants filed a fraudulent NOD because they did not own the Note or Mortgage at the time of filing, (2) defendants utilized fraudulent accounting practices, (3) defendants are engaged in a massive ongoing illegal kickback attorney fee splitting scheme with their net work attorneys, involving hundreds, and probably thousands, of bankruptcies and foreclosures on a nation wide basis, (4) the continuity of relationships between defendants are set forth in the NOD which shows that activities between them are

' ordered ' and ' arranged ' and thus, a pattern. <u>H.J. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229 ( 1989 )

Clearly, defendants are engaged in a pattern of fraudulent conduct, involving hundreds, if not thousands, of civil RICO violations.

20 ) **"*Racketeering Activity*"** Under 1961 ( 1 ) " racketeering activity consists of no more and no less than the commission of a predicate act." <u>Sedima, S.P. R.L. v. Imrex Co., Inc.</u>, 473 U.S. 479, 495 ( 1985 ).

Defendants committed predicate acts using the U.S. Mails and interstate Wires to file a fraudulent NOD invoice, utilizing fraudulent invoicing practices. Clearly, that constitutes " racketeering activity " as defined by <u>Sedima.</u>

**Opposition To Allegations The Complaint Allegations Are " Conclusory."**

21 ) Defendants simply repeat previous unsupported sweeping allegations that the Complaint does not comply with Rule 9 ( b ). As shown by paragraphs 12 through 15, above, the Complaint does comply with Rule 9 ( b ). Specifically, the complaint provided fair notice of plaintiff's claims, and described them with " particularity ". The Complaint clearly notified, defendants of the time, place, speaker, and content of the alleged misrepresentations.

**Opposition To Allegations The Complaint Did Not "Allege That Fidelity Engaged In A "Pattern " Of Racketeering Activity."**

22 ) Once again, defendants make sweeping shotgun type false generalizations, which are contradicted by the Complaint.

23 ) Specifically : defendant at page 7, line 19, states:

*"Plaintiffs have not alleged the existence of a pattern of racketeering activity"*

In fact, the Complaint states, in pertinent part, the following :

" Defendants, as persons, set up a organization in fact enterprise structure, consisting of a title company, an agent for the title company, a law firm, a beneficiary, and agents for them. **The resulting enterprise enabled defendants to function as a racketeering organization to <u>engage in a pattern of racketeering activity.</u>** That is a predicate act which is a civil RICO violation." ( Complaint-Page 5, lines 7 to 12 )( Emphasis added )

Additionally, paragraph 19, above, describes with " particularity " the " pattern. " of racketeering activity and the continuing " pattern " See <u>H. J. v. Northwestern Bell Tel., Co.</u>, supra.

### <u>Opposition To The Allegation " Plaintiffs Fails To Allege An Injury Cognizable Under RICO And Fails To Allege Proximate Cause."</u>

24 ) Defendants again allege scatter gun assertions that are shown to be false by the Complaint. The Complaint states in pertinent part, the following :

25 )<u>**" Plaintiff has suffered damages in an amount not yet ascertained**</u>, with interest on that amount, based upon triple damages that are mandated by law for the RICO violations above. ( Complaint Page 5, lines 13 to 16 ) ( Emphasis added )

26 ) 18 U.S.C. Section 1964 ( c ) provides relief for damages to plaintiffs " business or property ." at three fold the damages incurred.

27 ) As a proximate result of defendant's fraudulent filing of a NOD without owning the Note or Mortgage, plaintiffs have been prevented from placing the property for sale, and thereby, have suffered injury by the decrease in the value of the property of about $250,000.00. Thus, defendants are liable to plaintiffs for about $750,000.00 which is three times the incurred damages, These damages are also increasing due to the ongoing declining housing market. Additionally, plaintiffs credit rating has been negatively impacted by the fraudulent NOD filing, causing even further damages. These damages are cognizable under RICO.

**Opposition To The Allegation That " Plaintiff Fails To Allege a Proximate Cause."**

28 ) Defendants have repeated the same unsupported allegation that plaintiffs have not incurred damages as a result of defendants fraudulent filing of the NOD. Defendant's assertions are not only wrong, as shown by paragraphs 25 to 27, above, defendant's assertions are frivolous. They bring into very sharp focus the defendants arrogant illegal conduct, and outright disdain for the damages their evil acts cause.

**Opposition To The Allegation " Plaintiffs Fail to Allege The Existence Of An Associated -In-Fact Enterprise."**

29 ) Defendants again allege scatter gun assertions that are shown to be false by the Complaint. Specifically, the Complaint states:

**" Defendants, as persons, set up a organizational association in fact enterprise structure, consisting of a title company, an agent of the title company, a law firm, a**

beneficiary, and agents for them." ( Complaint page 5 lines 7 to 10 ) ( Emphasis added )

Defendants continual unsupported scatter gun assertions clearly show the weakness of the Holland Motion to Dismiss the Complaint.

### 111.

### CONCLUSION

Defendants are all hat and no cattle ! Defendants have made multiple broad brush shotgun statements without addressing the detailed causes of action in the Complaint. The Holland defendants motion to dismiss is a text book example of unsupported scatter gun allegations, made without basis in fact, which are contradicted by the Complaint.

Fidelity is not only the **_Foreclosure Kickback King_**, Fidelity is also a major participant in the " evil empire " of multiple ongoing fraudulent house foreclosures. None of the defendants, including the Holland defendants, owned the Note or Mortgage at the time of filing the NOD. Therefore, defendants committed fraud and violated civil RICO law. For that reason alone, the NOD should be canceled, dismissed, and thrown out, pursuant to recent rulings by Federal Judges Boyko, O' Malley and Rose.

For the foregoing reasons the the Holland defendants motion to dismiss the Complaint should be denied. Alternatively, if the Court finds the pleadings lacking, it is requested that the court grant leave to amend the Complaint.

Dated Aug/1/2008

Respectfully submitted,

Kenneth Barker

Kenneth Barker, Plaintiff In Pro Se.