```
 1  MICHAEL J. VEILUVA (SBN 100419)
    DARRELL C. MARTIN (SBN 191773)
 2  ALBORG, VEILUVA & EPSTEIN LLP
    200 Pringle Avenue, Suite 410
 3  Walnut Creek, CA 94596
    Tel: 925-939-9880
 4  Fax: 925-939-9915

 5  Attorneys for Defendants
    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
 6  ALBORG, VEILUVA & EPSTEIN, LLP and GENPACT MORTGAGE SERVICES
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BARKER and LOIS ANNE BARKER,<br><br>Plaintiffs,<br><br>vs.<br><br>DEFAULT RESOLUTION NETWORK; FIDELITY NATIONAL TITLE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ALBORG, VEILUVA & EPSTEIN; TITLE COURT SERVICES, INC.; GENPACT MORTGAGE SERVICES; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 4:08-cv-02898-CW<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ALBORG, VEILUVA & EPSTEIN, LLP, AND GENPACT MORTGAGE SERVICES' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS KENNETH BARKER AND LOIS ANNE BARKER'S COMPLAINT [Fed. R. Civ. P. 12(b)(6)]**<br><br>Date: Under Submission With Court<br>Time: N/A<br>Dept.: 2<br><br>Judge: The Hon. Judge Claudia Wilken<br><br>Complaint Filed: June 10, 2008 |

## I. INTRODUCTION

Plaintiffs KENNETH BARKER and LOIS ANNE BARKER's (collectively the "Plaintiffs") opposition to defendants ALBORG, VEILUVA & EPSTEIN, LLP ("AVE"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and GENPACT MORTGAGE SERVICES ("Genpact") (collectively the "Alborg Defendants") motion to dismiss Plaintiffs is nothing more than a rehashing of their unsupported conspiratorial allegations, though now include an additional a slough of "facts" that are wholly inadmissible for purposes of these proceedings.  Indeed, Plaintiffs have attached a complaint from an unrelated action in the United States District Court for the Southern District of Texas (the "Texas Complaint") involving parties that are not parties to this action – notwithstanding the fact that such allegations are hearsay, and the complaint itself has not been judicially noticed.

Adding to the uncertainty and difficulty in responding to Plaintiffs' complaint and opposition, is the fact that Plaintiffs repeatedly lift and interpose "facts" from the Texas Complaint into their own allegations – making this complaint even more incomprehensible and convoluted.  Indeed, it appears that Plaintiffs simply "cut and pasted" allegations from the Texas Complaint, changed the names of the parties, and adopted them as their own – notwithstanding the fact that the Texas Complaint has nothing to do with RICO violations or foreclosure proceedings against borrowers (Plaintiffs) who have refused to pay their mortgage and now face foreclosure from the beneficial interest holder under a deed of trust.

While the Alborg Defendants (and likely the other defendants) have tried mightily to understand Plaintiffs' allegations, the opposition does nothing to clarify the pleadings or to plead facts sufficient to state a cognizable legal theory against the Alborg Defendants, or any other defendant.  Plaintiffs' complaint should therefore be dismissed as against the Alborg Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL ARGUMENT

### A. Plaintiffs' New "Facts" Set Forth in the Opposition are Irrelevant for Purposes of a 12(b)(6) Motion to Dismiss and Should be Stricken

In ruling on a the merits of a properly brought motion to dismiss under Federal Rule of Civil Procedure, section 12(b)(6), the face of plaintiff's complaint and exhibits attached thereto control. See Campanelli v. Bockrath 100 F.3d 1476, 1479 (9th Cir.1996); Parks School of Business, Inc. v. Symington 51 F.3d 1480, 1484 (9th Cir.1995). Indeed, "new" allegations are irrelevant for purposes of 12(b)(6) motions, and the Court need not look beyond them in ruling on the motion. See Schneider v. California Dept. of Corrections 151 F.3d 1194, 1197 (9th Cir. 1998); Harrell v. United States 13 F.3d 232, 236 (7th Cir.1993).

Here, Plaintiffs have made dozens of new allegations in their opposition to the Alborg Defendants' motion to dismiss, and attached a complaint filed in another judicial district – despite the fact that other complaint (1) involves dissimilar parties, (2) contains hearsay, and (3) has not been judicially noticed by this Court. Indeed, Plaintiffs "new facts" can be found in paragraphs 3, 7, 10-12, 20, 21, 23-41, 43, 45, 48, 49 and elsewhere in the opposition.[1] Further, Plaintiffs (for the first time) suggest that the Alborg Defendants are using some manner of "unexplained" terminology or "double talk" when they refer to Genpact as being the holder of the beneficial interest under the deed of trust being foreclosed upon, and that Genpact does not own the "Note" or "Mortgage" being foreclosed upon.

Since all of these new allegations, as well as the attached Texas Complaint, are outside of their original complaint, they should be wholly disregarded by this Court in ruling on the Alborg Defendants' motion to dismiss. However, while the Alborg Defendants will not undertake efforts to explain to Plaintiffs what a "beneficial interest" in a deed of trust means – suffice it to say, should the Plaintiffs wish to see a copy of the Promissory Note they signed, the Recorded

---

[1] As discussed above, most (if not all) of Plaintiffs' new "facts" are have been wholly lifted from the attached Texas Complaint, in an apparent effort to bootstrap its RICO violations against the Alborg Defendants with allegations of wrongdoing by other entities and out of state law firms that are not named in this action. Such transparent tactics serve no purpose other than to magnify the desperation of Plaintiffs' position and the lengths they will go to avoid their financial obligations.

Deed of Trust they signed and the Recorded Assignment of Deed of Trust vesting Genpact with the right to foreclose on its "beneficial interest" such documents can be provided.[2]

### B. Plaintiffs' Opposition Still Does Not Identify Any Specific RICO Violation

As discussed in the moving papers, Plaintiffs complaint failed to identify the <u>specific</u> RICO section the Alborg Defendants purportedly violated. However, rather than identify the specific RICO section the Alborg Defendants have purportedly violated, Plaintiffs simply claim in their opposition that the Alborg Defendants are "wrong to the point of being frivolous." (Opposition at ¶ 46). Indeed, Plaintiffs' opposition specifically states that the complaint "identifies predicate acts of fraud" as the proof of identifying which RICO section was violated. This simply does not suffice under the law.

"It is essential to plead precisely in a RICO case the enterprise alleged and the RICO **section** allegedly violated." <u>Reynolds v. East Dyer Development Co.</u> 882 F.2d 1249, 1251 (7th Cir.1989) (emphasis added). In this regard, the Alborg Defendants used their best efforts surmise what <u>may</u> be the specific RICO section Plaintiffs were proceeding under. However, the Alborg Defendants should not be required to spell out Plaintiffs' allegations for them. Indeed, if Plaintiffs cannot cite the specific RICO statute, then their allegations are deficient and the motion to dismiss should be granted.

### C. Plaintiffs' Opposition Still Fails to Adequately Plead an Enterprise

An associated-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." <u>United States v. Turkette</u> 452 U.S. 576, 583 (1981). Further, as discussed in the moving papers, in order "[t]o establish the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing organization, formal or

---

[2] Plaintiffs play a dangerous game alleging that Genpact does not own the Deed of Trust under which it initiated foreclosure proceedings due solely to Plaintiffs failure to pay their mortgage. Genpact's ownership of the Deed of Trust is a matter of public record that Plaintiffs have apparently chosen to ignore at their own peril. Indeed, Plaintiffs may find themselves responding to a motion for Rule 11 sanctions, since they have chosen to levy serious accusations against these parties with little (if any) factual basis to do so – apparently for no other reason than to harass and delay foreclosure proceedings.

1  informal,' and 'evidence that the various associates function as a continuing unit.'" Odom v.
2  Microsoft Corp. 486 F.3d 541, 552 (9th Cir.2007), citing Turkette, supra 452 U.S. at 583.
3  However, Plaintiffs' opposition does not meet this evidentiary burden. Indeed, Plaintiffs
4  do nothing more than simply list the names of all of the parties they could find on the Notice of
5  Default, including their counsel, and then conclude – with no evidentiary support – that "[t]he six
6  (6) defendants are clearly associated in fact, acting jointly as a racketeering enterprise."
7  (Opposition at ¶ 48). This simply does not suffice as evidence of "functioning as a continuing
8  unit," and as such, Plaintiffs' pleadings are inadequately pled.

     **D.**    **Plaintiffs' Opposition Still Fails to Adequately Plead a Pattern of Racketeering Activity**

Plaintiffs do not meet their burden to demonstrate "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. 1961(5); Sedima, supra, 473 U.S. at 496 n. 14. Plaintiffs' simple (and unsupported) conclusion that the "defendants" engaged in "hundreds and probably thousands of instances of racketeering activity" simply does not provide sufficient evidence of a pattern. If this were enough to meet the evidentiary burdens for pleading a RICO violation, then any plaintiff could bring a case by simply alleging that the action occurred "hundreds and probably thousands of instances."

The only specific act that Plaintiffs identified is the single act of initiating non judicial foreclosure proceedings against them – and only them. However, "there must be more than a single act, event, or transaction to establish a pattern." Medallion Television Enterprises, Inc. v. SelecTV of California, Inc. 833 F.2d 1360, 1364-65 (9th Cir. 1987). Here, there is only evidence of one act, and one victim – this clearly is not a pattern.

     **E.**    **Plaintiffs' Opposition Still Fails to Adequately Plead Mail Fraud and Wire Fraud**

As discussed in the moving papers, "[w]here plaintiffs allege mail and wire fraud as the basis of a RICO violation, the allegations of fraud must comport with the Fed.R.Civ.P. 9(b)

heightened pleading standard. <u>Poling v. K. Hovnanian Enterprises</u> 99 F.Supp.2d 502 (D.N.J. 2000). Indeed, in those cases where plaintiffs generally allege fraud as against multiple defendants, Rule 9(b) also requires that the allegations "inform… each defendant as to the specific fraudulent acts he or she is alleged to have committed." <u>See</u> <u>Mayor & Council of Borough of Rockaway v. Klockner & Klockner</u> 811 F.Supp. 1039, 1060 (D.N.J. 1993) (text omitted); <u>In re National Mortgage Equity Corp. Mortgage Pool</u> 636 F.Supp. 1138, 1158-59 (C.D. Cal. 1986).

Plaintiffs' opposition does nothing to meet this burden, because they still fail to inform <u>each defendant</u> as to the specific fraudulent acts he or she is alleged to have committed. Rather, Plaintiffs continue to lump the "defendants" into a series of vague and conclusory allegations – failing to identify any specific defendant, and failing to specifically identify the purported acts of each. Plaintiffs' failure to adequately plead their fraud allegations is fatal to their complaint and the motion to dismiss should be granted without leave to amend.

### F.  **Plaintiffs Still Have a Pending State Court Action and This Action Should be Dismissed or Stayed as Duplicative**

Plaintiffs correctly assert that a demurrer hearing to their first-filed state court action is no longer scheduled for August 5, 2008. Following the filing of the Alborg Defendants' demurrer – and prior to the due date for their opposition – Plaintiffs filed a first-amended complaint in the Contra Costa County Superior Court (See Supplemental Request for Judicial Notice at Tab 1). The Alborg Defendants have also demurred to the first-amended state court complaint.

Nevertheless, the fact remains that this Court still has the power to administer its docket by dismissing or staying a duplicative suit. <u>Curtis v. Citibank, N.A.</u> 226 F.3d 133, 138. (9th Cir. 2000). Excluding the new "facts" alleged in Plaintiffs' opposition, the facts pled in the complaint on file in this action, are still substantively the same as those plead in Plaintiffs' first-amended complaint. Indeed, it is clear that that "the two actions share a common transactional nucleus of facts." <u>Adams v. California Dept. of Health Services</u> 487 F.3d 684, 689 (9th Cir. 2007. The only difference is the legal theories. Further, it is equally clear any judgment in one action will affect the other. <u>Id.</u> at 690. The same parties are involved, and both have as their

object the foreclosure by Genpact. Accordingly, the Court should respectfully dismiss or stay the federal action based upon the pendency of the state court action.

### III. CONCLUSION

For the aforementioned reasons, the Alborg Defendants respectfully submit that Plaintiffs' complaint fails to allege facts sufficient to sustain any cognizable RICO claim against the Alborg Defendants – or any of the defendants. As such, the Alborg Defendants respectfully request that Plaintiffs' complaint be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Alternatively, it should be dismissed or stayed based upon the pendency of the state court lawsuit.

Dated: August 14, 2008

Respectfully submitted,

ALBORG, VEILUVA & EPSTEIN

/s/ Darrell C. Martin

By: _____
MICHAEL J. VEILUVA
DARRELL C. MARTIN
Attorneys for Defendants
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ALBORG, VEILUVA & EPSTEIN, LLP and GENPACT MORTGAGE SERVICES