MICHAEL J. VEILUVA (SBN 100419)
DARRELL C. MARTIN (SBN 191773)
ALBORG, VEILUVA & EPSTEIN LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
Tel: 925-939-9880
Fax: 925-939-9915

Attorneys for Defendants
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
ALBORG, VEILUVA & EPSTEIN, LLP and GENPACT MORTGAGE SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BARKER and LOIS ANNE BARKER,<br><br>Plaintiffs,<br><br>vs.<br><br>DEFAULT RESOLUTION NETWORK; FIDELITY NATIONAL TITLE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ALBORG, VEILUVA & EPSTEIN; TITLE COURT SERVICES, INC.; GENPACT MORTGAGE SERVICES; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 4:08-cv-02898-CW<br><br>**SUPPLEMENTAL DECLARATION OF DARRELL C. MARTIN AND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br>[Fed. R. Evid. 201]<br><br>Date:   Under Submission With Court<br>Time:   N/A<br>Dept.:  2<br><br>Judge: The Hon. Judge Claudia Wilken<br><br>Complaint Filed: June 10, 2008 |

I, DARRELL C. MARTIN, declare:

1.  I am associated with the law firm of Alborg, Veiluva & Epstein LLP, counsel for defendants ALBORG, VEILUVA & EPSTEIN, LLP ("AVE"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and GENPACT MORTGAGE SERVICES ("Genpact") (collectively the "Alborg Defendants") in this action. This supplemental declaration is made in support of the Alborg Defendants' Motion to Dismiss, and this supplemental request for judicial notice made under Federal Rule of Evidence, section 201.

2.  Attached hereto as Exhibit "1" is a true and correct copy of a First-Amended Complaint (including all exhibits thereto) filed in the Superior Court for the State of California in Contra Costa County under the caption *Kenneth Barker and Lois Anne Barker v. Default Resolution Network, et al.* (Case No. N08-0822) and referenced by the Alborg Defendants in their Reply Brief In Support of the Motion to Dismiss.

3.  Your declarant was served with this First-Amended Complaint, and declare that it is a true and accurate copy of official records of the Superior Court for the State of California in Contra Costa County.

4.  Judicial notice is requested to be taken of the fact of the filings and the fact of the assertions stated therein, but not of the truth of the matters asserted.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States, and that this declaration is made this 14th day of August, 2008, in Walnut Creek, California.

Respectfully submitted,

ALBORG, VEILUVA & EPSTEIN

By: ___*/s/ Darrell C. Martin*___
MICHAEL J. VEILUVA
DARRELL C. MARTIN
Attorneys for Defendants MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.
ALBORG, VEILUVA & EPSTEIN, LLP and
GENPACT MORTGAGE SERVICES

Kenneth Barker,
2349 Royal Oaks Drive,
Alamo, CA. 94507.
Phone ( 925 ) 820-0198
Fax.   ( 925 ) 820-0198

Plaintiff In Pro Per.

FILED

2008 JUL -7 A 11:40

K. TORRE CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY_____ J. MYOROR, DEPUTY CLERK

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF CONTRA COSTA.

KENNETH BARKER,

and

LOIS ANNE BARKER,

Plaintiff"s

V.

DEFAULT RESOLUTION NETWORK;
FIDELITY NATIONAL TITLE;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; ALBORG, VEILUVA & EPSTIEN;
DARRELL MARTIN; MICHAEL J. VEILUVA,
TITLE COURT SERVICES,INC.; GENPACT
MORTGAGE SERVICES; DOES 1 through 50,
inclusive.

Defendant.

CASE NO. N08-0822

FIRST AMENDED COMPLAINT

PETITION FOR INJUNCTIVE RELIEF (CPP525) OR PETITION FOR WRIT OF MANDATE (CPP1085) OR OTHER ORDER: DAMAGES FOR: WRONGFUL FORCLOSURE: FRAUD: ABUSE OF PROCESS: BREACH OF COVENANT OF GOOD FAITH: FALSE ACCOUNTING CHARGES: AND NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

1.

**COMPLAINT**

1 ) Petitioners/Plaintiffs, Kenneth Barker and Lois Anne Barker, allege:

Petitioners/Plaintiffs brings this action against the above named defendants to obtain

Injunctive Relief ( CPP 525 ) and/or a Writ of Mandate ( CPP 1085 ), or other appropriate

order by the court to dismiss, and throw out a non judicial " Notice Of Default and

1.

Election To Sell Under Deed Of Trust " with Trustee Sale No. 08-00031-1 for plaintiff's home which is located at 2349 Royal Oaks Drive, Alamo, CA. 94507. ( hereinafter, Property )

2 ) Petitioner/Plaintiff, Kenneth Barker and Lois Anne Barker ( herein after collectively " Plaintiff ") respectfully petitions this court to promptly issue the requested Injunctive Relief under CPP 525 and/or a Writ of Mandate under CPP 1085, or other order because defendant via the above noted " Notice Of Default ", has stated it will attempt to set a sale date of the Property after 3 months of the recordation date which was May 1, 2008. Plaintiff by this Complaint, seeks a Temporary Restraining Order, Permanent Injunction, or other order and damages for Wrongful Foreclosure, Foreclosure Fraud, Abuse of Process, Accounting Fraud, Breach of the Covenant of Good Faith and Fair Dealing, Intentional Infliction Of Emotional Distress, and punitive damages and/or sanctions.

3 ) Plaintiff does not know the true names and capacities of Respondents/Defendants ( hereinafter collectively " Defendant ") sued herein as DOES 1 through 50 inclusive, and Plaintiff sues these Defendants by such fictitious names and will amend this Petition/Complaint to allege their true names and capacities when the same have been ascertained.

4 ) Plaintiff is informed and believes, and on the basis of such information alleges, that at all times mentioned in this complaint, the defendants were acting as an association in fact, acting jointly as a racketeering enterprise, engaged in an illegal scheme via a pattern of fraud, mis representation, and conspiracy, to defraud and damage plaintiff for defendants financial gain.

## 11.

## PRELIMINARY FACTS

5 ) On May 8, 2008, defendant served plaintiff a nonjudicial " Notice of Default and Election to Sell Under Deed of Trust " with Trustee Sale No. 08-00031-1.( hereinafter, sometimes, Notice ). The Notice was recorded on May 1, 2008 via Instrument Number 20088146777 in the Official Records of Contra Costa County California ( **Exhibit No. 1** )

6 ) Defendant did not own the Mortgage, or Note, on the Property as of May 1, 2008.

7 ) Defendant provided no proof that it owned the Mortgage, or Note, on the Property as of the date the " Notice of Default and Election to Sell Under Deed of Trust.

## 111

## FIRST CAUSE OF ACTION

## WRONGFUL FORECLOSURE.

7 ) " The Real Party In Interest " law holds that it is wrong and unlawful for any person to file a " Notice of Default " on a property unless the person filing the Notice can prove it owns the Mortgage or Note at the time the Notice was filed.[ *Klopstock v. Superior Court ( 1941 ) 17 C 2d 13,18,108 p2d 906 : Parker v. Boron 1953 40 C 2d. 344 351, 254, P2d 6.]*

8 ) Defendant did not own the Mortgage, or Note, on the Property on May 1, 2008 which was the date that the Foreclosure Notice was filed. Therefore, defendant is not the Real Party In Interest, and had no legal right to file the Foreclosure Notice.

9 ) Defendant has not provided any proof that it owned the Mortgage or Note on the Property as of May 1, 2008. Therefore, the Notice is null and void as a matter of law.

## SECOND CAUSE OF ACTION

## FRAUD--FILING A FALSE FORECLOSURE NOTICE

10 ) Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 9, as though fully set forth herein.

11 ) Defendants, acting as an association in fact, via a racketeering enterprise, knew that filing a Foreclosure Notice without owning the Mortgage, of Note, at the time the Notice was filed, was wrong and unlawful. Defendants are acting as an association if fact, acting jointly as a racketeering enterprise, engaged in an illegal scheme, via a pattern of fraud, misrepresentation and conspiracy, to defraud and damage plaintiff for defendants illegal financial gain.

12 ) Using the law firm of Alborg, Veiluva & Epstein, and Darrell C. Martin and Michael. J. Veiluva as individuals as a spear head, defendants are presently engaged in hundreds of ongoing fraudulent " Foreclosure Mill " operations. The " Foreclosure Mill " operation uses non judicial forecloses as part of it's " sharp practice " to run rough shod over a persons legal rights.

13 ) Defendants' willful filing of a known false Foreclosure Notice is a conspiratorial illegal scheme to damage plaintiff. It constitutes fraud per se.

## THIRD CAUSE OF ACTION

## ABUSE OF PROCESS

14 ) Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 13, as though fully set forth herein.

15 ) Defendant used the non judicial method of foreclosure. However, this foreclosure method requires that defendant is the owner of the Mortgage or Note, at the date of filling, and therefore, defendant is legally entitled to file the foreclosure Notice.

16 ) Defendant did not own the Mortgage or Note as of May 1, 2008, and used the non judicial method of foreclosure to conceal that fact. Defendants conduct is an abuse of process, and fraud per se.

## FORTH CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

17 ) Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 16 as though fully fully set forth herein.

18 ) All Deeds of Trust contain an implied covenant of good faith and fair dealings, wherein all parties are required to act in an honest, legal, good faith and above board manner which defendant failed to do.

19 ) Defendant acted in bad faith by filing a knowingly false Foreclosure Notice, because defendant did not own the Mortgage, or Note, on the Property as of the May 1, 2008 filing date. That constitutes fraud per se.

## FIFTH CAUSE OF ACTION

## FRAUD-- FALSE ACCOUNTING CHARGES

20 ) Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 19 as though fully set forth herein.

21 ) Defendants claim in the Foreclosure Notice that plaintiff owes defendant the sum of

$750,000.00 plus a further sum of $137,818.75 as of April 30, 2008. However, defendants did no provide any accounting information as to how the alleged debt amounts were calculated. Plaintiff alleges that these charges are part of defendants racketeering enterprise and are false and fraudulent.

22 ) Defendants also claim, without any support, that plaintiff is responsible for paying defendants costs for legal fees, and expenses, and multiple other false trumped up charges. Defendants are acting as an association in fact, acting jointly as a racketeering enterprise engaged in an illegal scheme to damage and defraud plaintiff. Defendants wrongfully filed a fraudulent Foreclosure Notice, and now seeks to use the non judicial Foreclosure System to conceal it's fraud.

## SIXTH CAUSE OF ACTION

### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23 ) Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 22 as though fully set forth herein.

24 ) As part of a racketeering enterprise, defendants willfully filed a false Foreclosure Notice on plaintiffs premises in order to damage and defraud plaintiff out of their home.

25 ) Defendants fraudulent conduct was outrageous, malicious, and unconscionable.

26 ) As a proximate result of defendants outrageous conduct, plaintiffs Kenneth Barker, and Lois Anne Barker suffered shock, pain, mental anguish, heart break, fatigue, loss of appetite, sleeplessness, worry, loss of husband and wife martial relationship, and severe emotional distress.

27 ) California law allows damages for emotional distress. Plaintiffs seek damages to the

fullest extent of the law for defendants negligent intentional infliction of emotional distress.

## IV.

## ARGUMENT

27 ) Defendants are acting as an association in fact, acting jointly as a racketeering enterprise engaged in an illegal scheme via a pattern of fraud, mis-representation, and conspiracy, to defraud plaintiff

28 ) Defendants are engaged in a " Foreclosure Mill " operation consisting of hundreds of ongoing foreclosures. Defendants knowingly file false Foreclosure Notices, using the non judicial foreclose laws without revealing that defendants do not own the Mortgage, or Note. on the foreclosed properties.

29 ) Defendants are well aware that their conduct is illegal and outrageous. Defendants perform their illegal and outrageous operations to obtain wrongful financial reward.

30 ) California law allows for punitive damages for outrageous conduct, and defendant shall seek punitive damages to the fullest extent of the law

31 ) Under Federal law, recent rulings have been issued by Federal Courts regarding defective foreclosures, where, as here, the person filing the foreclosure did not own the Mortgage or Note. They provided the following:

32 ) U.S. District Judge Christopher A. Boyko of the Northern District of Ohio on October 31, 2007, in a six ( 6 ) page opinion dismissed 14 Deutsche Bank- filed foreclosures in a ruling based on lack of standing for not owning/holding the mortgage loan at the time the foreclosures were filed. *Foreclosure Cases* Nos. 1: 07CV 2282 et al.

33 ) Using exceptionally strong language, and 3 foot notes, Judge Boyko lambasted Deutsche Bank and it's lawyers and agents, for attempting to improperly make the Federal Court system a compliant ally to illegally deprive home owners of their homes. **Most significantly, defendant is attempting the same illegality using the California nonjudicial foreclosure process.**

34 ) Shortly after Judge Boyko's decision, Federal Judge Kathleen M. O' Malley, in Cleveland, Ohio, dismissed 32 foreclosure actions because these, too, were filed without proof that plaintiff owned the mortgages.

35 ) In November 2007, Federal Judge Thomas A. Rose in Dayton, Ohio, also ruled that 26 of 27 foreclosure cases in front of him had no proof that the plaintiff's owned the mortgages. Therefore, he dismissed them.

36 ) Defendant, and it's agents and attorney's knew, or should have known, that there was no proof of mortgage ownership provided in the nonjudicial Foreclosure Notice, or other papers. Unquestionably, defendant had an iron clad duty to check to ensure that it had the legal right to file it's nonjudicial Foreclosure Notice, which it did not do. Defendants, for their own wrongful gain and profit willfully cut corners, and illegally conspired to violate plaintiff 's basic right to equal protection of the laws, as well as collectively conspiring to illegally seize plaintiff's property

37 ) For their own illegal gain and profit, defendants', using the law firm of Alborg, Veiluva, & Epstein, and Darrell C. Martin and Michael J. Veiluva, as individuals have willfully act in total disregarded for plaintiff's legal rights. They have conspired to file an illegal nonjudicial Foreclosure Notice and thereby fraudulently seize plaintiff's property.

38 ) Defendant and it's attorneys and agents, are all large experienced firms. They know, or should know, foreclosure law. In fact, defendant and it's attorneys Alborg, Veiluva,& Epstein specialize in property foreclosures. Therefore, it is inexcusable that they cut corners at plaintiff's expense, and commit fraud by knowingly filing a Foreclosure Notice that does not comply with non judicial Foreclosure law. Their illegal acts were not mistakes or careless oversights. Rather, they were premeditated, illegal, evil acts, designed to unlawfully seize plaintiff's property by sharp practice and fraud.

39 ) Under Federal Law, filing of any False Claim under Title 18 is Fraud, punishable by up to 5 years of prison, and up to a $500,000.00 fine, as well as being liable for severe civil penalties.

40 ) Punitive damages/sanctions are appropriate and fitting, for defendant's deceitful scheme. A recent similar case pertaining to deceit and foreclosure misrepresentation involved Wells Fargo Bank, it's agents, and attorneys. ( *Jacalyn S. Nosek v. Ameriquest Mortgage Company, et,al Chapter 13- Case No. 02- 46025-JBR* ). ( **Exhibit No. 2** ) On April 25, 2008, the Honorable Judge Joel Rosenthal of the United States Bankruptcy Court, District of Massachusetts, imposed the following sanctions:

i ) Ameriquest Mortgage Company in the amount of $250,000.00.

ii ) Abitt & Charlton (a law firm ) in the amount of $25,000.00.

iii ) Attorney Robert Charlton in the amount of $25,000.00.

iv ) Buchalter Nemer Fields and Younger ( a law firm ) in the amount of $100,000.00.

v ) Wells Fargo Bank in the amount of $250,000.00.

V.

## SUMMARY OF ARGUMENT

41) Defendant seeks to enlist the California judicial system as an ally for approving, and condoning, shoddy defective foreclosure filings and sharp practice to illegally seize plaintiff's property.

42) The Honorable Federal Judge Christopher A. Boyko in his ruling stated that the integrity of Federal justice system is " priceless ", and not for sale. This court should also make it clear to defendant, it's agents, and attorneys, that the integrity of the California justice system is also " priceless ", and not for sale.

WHEREFORE, Plaintiff prays for:

1. Judgment against defendant.

2. Preemptory Injunctive Relief ( CPP525 ) and/or a Writ of Mandate ( CPP 1085 ) or other order, be issued to dismiss defendant's Notice of Default.

3. Cost of suit and attorneys fees incurred in this action.

4. Damages in an amount not yet ascertained with interest on that amount at the legal rate based upon the imposition as set forth above pursuant to the laws for foreclosure

5. Damages for malicious infliction of emotional distress in the amount of $2,5000.000.00.

6. Punitive damages/sanctions for defendants fraud and conspiracy in the amount of $2,5000,000.00.

7. For such other and further relief as the court deems proper.

Dated: July/7/08

Kenneth Barker, Plaintiff In Pro Per.

Plaintiff Demands A Trial By Jury.

## LIST OF EXHIBITS

**Exhibit No. 1** Notice Of Default And Election To Sell Under Deed Of Trust

**Exhibit No. 2** United States Bankruptcy Court district of Massachusetts, List of Sanctions Imposed by the Honorable Judge Joel B. Rosenthal, United States Bankruptcy Judge.

# EXHIBIT No. 1

Recording Requested By
and When Recorded Mail to:

Default Resolution Network
50 California Street
Suite 3550
San Francisco, CA 94111

```
CERTIFIED COPY

Recorded May 1, 2008
Instrument Number 2008146777
Official Records
Contra Costa County, California

Fidelity National Title
```

Trustee Sale No: 08-00031-1
Loan No: 6CB050331004

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION**, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $137,818.75 as of April 20, 2008, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact :

Alborg, Veiluva & Epstein
c/o Default Resolution Network
50 California Street
Suite 3550
San Francisco, CA 94111
Phone: 415-981-5720  TS# 08-00031-1

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That default has been declared by the current beneficiary (the "Beneficiary") under that certain Deed of Trust dated as of March 23, 2005, executed by Kenneth Barker and Lois Anne Barker, his wife, as joint tenants, as trustor (the "Original Trustor"), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, as beneficiary, recorded March 30, 2005 as Instrument Number 2005-0108000-00 in Book n/a at Page n/a of official records in the Office of the Recorder of Contra Costa County, California (the "Original Deed of Trust"), and that

The Original Deed of Trust and any modifications thereto are collectively referred to herein from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (less any reconveyances therefrom, and with any additions thereto, the "Trust Property"), and that

The Deed of Trust secures the payment of and the performance of certain obligations, including but not limited to, the obligations set forth in that certain Promissory Note with a face amount of $750,000.00 (the "Original Note"), and that

The Original Note and any modifications thereto are collectively referred to herein from time to time as the "Note", and that

The Note and any other documents evidencing the obligations secured by the Deed of Trust, together with any modifications thereto, are collectively referred to herein from time to time as the "Secured Obligations", and that

The term "Trustor" as used herein shall mean either the Original Trustor or, if applicable, its successor in interest with respect to the Trust Property, and that

The term "Trustee" as used herein shall mean the original trustee under the Deed of Trust or, if applicable, its successors in interest, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the Trustor has failed to perform obligations pursuant to or under the Secured Obligations and/or the Deed of Trust, specifically: failed to pay payments which became due; together with late charges due; failed to pay advances made by the Beneficiary; failed to pay attorneys' fees and expenses; failed to reimburse Beneficiary for payback of gain on loan sale; and that

The Trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the Beneficiary and/or the Trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the Beneficiary and/or the Trustee in connection with the Secured Obligations and/or Deed of Trust, the Trustor or the Trust Property:

1. attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the Trust Property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;

2. real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;

3. protection, preservation, repairs, restoration or completion of the Trust Property, and all other such matters;

4. compliance with any applicable laws, regulations or orders, and all other such matters;

5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the Beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

By reason thereof, the present beneficiary under such Deed of Trust, has delivered to said Trustee a Declaration and Demand for Sale, and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

Date: April 30, 2008

**Default Resolution Network**
Agent for the Beneficiary
By: Title Court Services, Inc. its Agent

By: _____/S/_____

EXHIBIT No. 2

United States Bankruptcy Court
District of Massachusetts

In re:                                    )
                                          )
JACALYN S. NOSEK,                         )    Chapter 13
            DEBTOR.                       )    Case No. 02-46025-JBR
                                          )
_____)
                                          )
JACALYN S. NOSEK,                         )
            PLAINTIFF,                    )    Adversary Proceeding
                                          )    No. 04-4517 and
v.                                        )    No. 07-4109
                                          )
AMERIQUEST MORTGAGE COMPANY,              )
et al.                                    )
            DEFENDANTS                    )
_____)

## MEMORANDUM OF DECISION REGARDING ORDER TO SHOW CAUSE

This matter came before the court for a hearing on the Court's Order to Show Cause why sanctions should not be imposed for apparent misrepresentations as to the status of Ameriquest Mortgage Company as the holder of the note and mortgage at issue in this case and adversary proceedings.

## FACTS

## CONCLUSION

For the reasons set forth herein, sanctions will be imposed as set forth above on

- Ameriquest in the amount of $250,000;

- Ablitt & Charlton, P.C., formerly known as Ablitt & Caruolo, P.C., in the amount of $25,000;

- Attorney Robert Charlton in the amount of $25,000;

- Buchalter Nemer Fields & Younger in the amount of $100,000; and

- [redacted]

Sanctions will not be imposed on

- Attorney Jennifer Haskell;

- Attorney William Amann;

- Attorney R. Bruce Allensworth; and Kirkpatrick & Lockhart Preston Gates Ellis.

A separate order will issue.

Dated: April 25, 2008

_Joel B. Rosenthal_
Joel B. Rosenthal
United States Bankruptcy Judge.

1

## PROOF OF SERVICE

2

NAME OF ACTION: Kenneth Barker & Lois Anne Barker v Default Resolution
3    Network et al.
Court and Action Number: Contra Costa Superior Court: Action No. N08-0822

4
   I declare that I am over the age of eighteen years and not a party to this action or
5  proceeding. My address is 522 Oakshire Place, Alamo, CA. 94507.

6
   On 07/07/07   I caused the following to be served: FIRST AMMENDED COMPLAINT,
7  PETITION FOR INJUNCTIVE RELIEF (CPP525) OR PETITION FOR WRIT OF MANDATE
   (CPP1085) OR OTHER ORDER: DAMAGES FOR: WRONGFUL DISCLOSURE: FRAUD: ABUSE
8  OF PROCESS: BREACH OF COVENANT OF GOOD FAITH: FALSE ACCOUNTING CHARGES:
   AND NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

9
   [X] By placing a true copy of the document(s) listed above, enclosed in a sealed
10 envelope addressed as set forth below, for collection and mailing on the date and at the
   address shown above following ordinary business practices. I am familiar with the business
11 practice of mailing correspondence with the United States Postal Service with postage fully
   prepaid. CERTIFIES MAIL NO. 7007 0710 0003 2075 0977
12

13 [ ] By having a true copy of the document(s) listed above transmitted by Fax to the
   person(s) at the Fax number(s) set forth below before 5:00 P.M. The transmission was
14 reported as complete without error report by a report issued by the transmitting Fax
15 machine.

16 [ ] By having personally delivered a true copy of the document(s) listed above, enclosed
   in a sealed envelope, to the person(s) and at the addresses set forth below.
17

18 Mr. Lee Archer,
   ARCHER- NORRIS.
19 A Professional Corporation,
20 2033 North Main Street, Suite 800,
   Walnut Creek, CA. 94596-34728.
21

22
   I declare under penalty of perjury the forgoing is true and correct.
23
   Executed in Alamo, CA. on   July 7, 2008
24

25             *(signed)* Paul Barker.

26                     Paul Barker
27