1  HOLLAND & KNIGHT LLP
     Vito A. Costanzo (State Bar #132754)
2     Richard W. Petty (State Bar #219633)
   633 West Fifth Street, 21st Floor
3  Los Angeles, California  90071-2040
   Telephone (213) 896-2400
4  Facsimile (213) 896-2450

5
   Attorneys for Defendants
6  FIDELITY NATIONAL TITLE
   INSURANCE CO. AND DEFAULT
7  RESOLUTION NETWORK

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  KENNETH BARKER, and LOIS          Case No.  08 CV 02898 CW
    ANNE BARKER,
13                                    DEFENDANT FIDELITY
                   Plaintiffs         NATIONAL TITLE INSURANCE
14                                    CO.'S REPLY TO OPPOSITION TO
          v.                          MOTION TO DISMISS
15                                    COMPLAINT
    DEFAULT RESOLUTION
16  NETWORK; FIDELITY NATIONAL
    TITLE; MORTGAGE ELECTRONIC
17  REGISTRATION SYSTEMS, INC.;       Date:  Under Submission
    ALBORG, VEILUVA & EPSTEIN;        Time:  Under Submission
18  TITLE COURT SERVICES INC.;        Ctrm:  2
    GENPACT MORTGAGE SERVICES;        Judge: Claudia Wilken
19  DOES 1 through 50, inclusive,

20                 Defendants.

21

22

23

24

25

26

27

28

1  **I.    The Court Should Not Consider Any Of The New Allegations Raised By**
2       **Plaintiffs For The First Time In Their Opposition To This Motion**

3       Rather than oppose the motion of defendant Fidelity National Title Insurance
4  Co. ("Fidelity") on the merits, plaintiffs Kenneth and Lois Anne Barker
5  ("Plaintiffs") have attached a copy of a complaint filed in the United States
6  Bankruptcy Court for the Southern District of Texas and have attempted to
7  incorporate the facts alleged in that complaint into their opposition to Fidelity's
8  motion to dismiss.  However, none of the allegations about an illegal fee-splitting
9  conspiracy and kickbacks between Fidelity and its attorneys are alleged in the
10  operative complaint.  Because these allegations are not included in the complaint,
11  they cannot provide a remedy for any of the defects identified by Fidelity in support
12  of its motion.  Thus, there is no reason for the Court to consider those facts or the
13  complaint attached to the opposition in ruling on the motion to dismiss.

14  **II.    There Is Still An Absence Of Sufficient Facts Alleged Under A**
15       **Cognizable Legal Theory**

16       Even if the Court were to consider the new allegations about an attorney fee-
17  splitting conspiracy offered in support of the opposition (which it should not), the
18  Plaintiffs still cannot allege sufficient facts under a cognizable legal theory against
19  Fidelity.  *In re Ernest Harris and Mattie Harris,* the case after which Plaintiffs are
20  modeling their proposed amended complaint, involved the alleged payment of
21  kickbacks of a portion of attorneys' fees earned by counsel for companies that
22  service mortgages to their clients after those fees were paid by the debtors in
23  bankruptcy actions pursuant to the term of the underlying mortgages.

24       The facts here are nothing like those presented in *In re Ernest Harris* and
25  Plaintiffs cannot allege facts to support a cognizable legal theory by simply cutting
26  and pasting the names Fidelity and Holland & Knight into that complaint in place of
27  the defendants against whom the Harrises brought suit.  Fidelity is not alleged to be
28  servicing Plaintiffs' mortgage in the complaint, but rather is alleged to be a title

1  company whose role in the purported racketeering activity is never identified.

2  Holland & Knight is defending Fidelity in a suit being brought by the Plaintiffs for

3  alleged RICO violations and it is a stranger to the foreclosure proceedings against

4  Plaintiffs.  In short, Plaintiffs are accusing defense counsel of kickbacking to the

5  defendant a portion of the attorney's fees that they are charging to the defendant for

6  defending against Plaintiffs' frivolous claims.  Those allegations simply cannot

7  form the basis for any cognizable legal claim by Plaintiffs against Fidelity.

8  **III.    Plaintiffs Have Not Alleged Specific Facts To Support Their RICO**

9  **Claim**

10  Moreover, in their opposition, Plaintiffs implicitly concede that they have not

11  alleged any specific facts in support of their RICO claims.  When pressed to point

12  to the specific allegations that support their claims, all that Plaintiffs offer are vague

13  allegations about one defendant's service of a foreclosure notice on Plaintiffs in

14  May.  Opposition at 5:27-6:5.  Plaintiffs still have not specifically identified which

15  defendant served the notice or even what misrepresentations were made in the

16  notice.  Plaintiffs cannot rely on such general allegations that merely track the

17  language of the statute.  In the absence of specific allegations, Plaintiffs' claims fail.

18  **IV.    Plaintiffs Have Not Alleged That Fidelity Engaged In A "Pattern" Of**

19  **Racketeering Activity**

20  As Plaintiffs' opposition makes clear, their complaint revolves around the

21  foreclosure notice served upon them and the foreclosure proceedings being pursued

22  against them.  However, a RICO cause of action cannot be based on a single

23  transaction with a single victim.  *Medallion TV Enters., Inc. v. SelecTV of Cal.*, 833

24  F. 2d 1360, 1365 (9th Cir. 1987).  Plaintiffs have not alleged any facts concerning

25  any other victim or the details of any other foreclosure.  All of the specific facts

26  alleged in the complaint concern what purportedly happened to the Plaintiffs.  Thus,

27  Plaintiffs have not alleged facts the proof of which would demonstrate a threat of

28  continuing activity, which is necessary to support a valid RICO claim.

DEFENDANT FIDELITY NATIONAL TITLE INSURANCE CO.'S MOTION FOR IMPOSITION OF
RULE 11 SANCTIONS

**4.    The Plaintiff Fails To Allege An Injury Cognizable Under RICO**

Plaintiffs contend that they have been injured by Fidelity's conduct because they have been prevented from listing their property for sale and because their property has declined in value by $250,000 since the foreclosure notice was served three months ago.  However, no such allegations appear in the complaint and, even if they had, Plaintiffs have not explained how the conduct of Fidelity, a title company, has prevented them from listing their property for sale.   Simply put, it does not appear that Plaintiffs have suffered any injury as a result of Fidelity's purported conduct.

Dated: August 14, 2008                              HOLLAND & KNIGHT LLP

_____
                                                        Richard W. Petty

Attorneys for Defendants
FIDELITY NATIONAL TITLE
INSURANCE CO. AND DEFAULT
RESOLUTION NETWORK

# 5533285_v1

DEFENDANT FIDELITY NATIONAL TITLE INSURANCE CO.'S MOTION FOR IMPOSITION OF
RULE 11 SANCTIONS

*Barker et al. v Default Resolution; Fidelity National Title; et al.*
U.S. District Court- California Northern District (Oakland)
Civil Case No. 08 CV 02898 CW

1

## PROOF OF SERVICE

2

| | | |
|---|---|---|
| State of California | ) | |
| | ) | ss. |
| County of Los Angeles | ) | |

3

4
     I am employed in the County of Los Angeles, State of California. I am over the age of 18
5
and not a party to the within action. My business address is 633 West Fifth Street, 21st Floor,
Los Angeles, California 90071.

6
     On August 14, 2008, I served the document described a **DEFENDANT FIDELITY**
7
**NATIONAL TITLE INSURANCE CO.'S REPLY TO OPPOSITION TO MOTION TO**
**DISMISS COMPLAINT** on the interested parties in this action, enclosed in a sealed envelope,
8
addressed as follows:

9
### SEE ATTACHED SERVICE LIST

10
☒    **[BY MAIL]** Following ordinary business practices, I placed the document for collection
11
and mailing at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los
Angeles, California 90071, in a sealed envelope. I am readily familiar with the business's
12
practice for collection and processing of correspondence for mailing with the United States
13
Postal Service, and, in the ordinary course of business, such correspondence would be deposited
with the United States Postal Service on the day on which it is collected at the business.

14

15
☐    **[BY UPS]** Following ordinary business practices, I placed the document for collection
and UPS delivery, "next day air" at the offices of Holland & Knight LLP, 633 West Fifth Street,
16
21st Floor, Los Angeles, California 90071. I am readily familiar with the business' practice for
collection and processing of correspondence for delivery by UPS (Next Day Air), and, in the
17
ordinary course of business, such correspondence would be deposited with UPS on the day on
which it is collected at the business.

18

19
     **[FEDERAL]** I declare under penalty of perjury under the laws of the United States of
America that the above is true and correct.

20

21
     Executed on August 14, 2008, Los Angeles, California.

22

23

24
_____
Yvonne Fernandez

25

26

27

28

*Barker et al. v Default Resolution; Fidelity National Title; et al.*
U.S. District Court- California Northern District (Oakland)
Civil Case No. 08 CV 02898 CW

<u>Service List</u>

Kenneth Barker                                    Lois Anne Barker
2349 Royal Oaks Drive                             2349 Royal Oaks Drive
Alamo, CA 94507                                   Alamo, CA 94507

**Plaintiff,** *pro se*                           **Plaintiff,** *pro se*

Michael John Veiluva
Alborg Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
Tel:  925.929.9880
Fax:  925.939.9915

**Attorneys for Defendants**
**Mortgage Electronic Registration Systems,**
**Inc.; and Alborg, Veiluva & Epstein.**

# 5455902_v1