HOLLAND & KNIGHT LLP
 Vito A. Costanzo (State Bar #132754)
 Richard W. Petty (State Bar #219633)
633 West Fifth Street, 21st Floor
Los Angeles, California 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

Attorneys for Defendants
FIDELITY NATIONAL TITLE INSURANCE CO. AND DEFAULT RESOLUTION NETWORK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH BARKER, and LOIS ANNE BARKER,<br><br>Plaintiffs<br><br>v.<br><br>DEFAULT RESOLUTION NETWORK; FIDELITY NATIONAL TITLE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ALBORG, VEILUVA & EPSTEIN; TITLE COURT SERVICES INC.; GENPACT MORTGAGE SERVICES; DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 08 CV 02898 CW<br><br>**DEFENDANT DEFAULT RESOLUTION NETWORK'S REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>Date: Under Submission<br>Time: Under Submission<br>Ctrm: 2<br>Judge: Claudia Wilken |

## I. The Court Should Not Consider Any Of The New Allegations Raised By Plaintiffs For The First Time In Their Opposition To This Motion

Rather than oppose the motion of defendant Default Resolution Network ("DRN") on the merits, plaintiffs Kenneth and Lois Anne Barker ("Plaintiffs") have attached a copy of a complaint filed in the United States Bankruptcy Court for the Southern District of Texas and have attempted to incorporate the facts alleged in that complaint into their opposition to DRN's motion to dismiss. However, none of the allegations about an illegal fee-splitting conspiracy and kickbacks between DRN and its attorneys are alleged in the operative complaint. Because these allegations are not included in the complaint, they cannot provide a remedy for any of the defects identified by DRN in support of its motion. Thus, there is no reason for the Court to consider those facts or the complaint attached to the opposition in ruling on the motion to dismiss.

## II. There Is Still An Absence Of Sufficient Facts Alleged Under A Cognizable Legal Theory

Even if the Court were to consider the new allegations about an attorney fee-splitting conspiracy offered in support of the opposition (which it should not), the Plaintiffs still cannot allege sufficient facts under a cognizable legal theory against DRN. *In re Ernest Harris and Mattie Harris,* the case after which Plaintiffs are modeling their proposed amended complaint, involved the alleged payment of kickbacks of a portion of attorneys' fees earned by counsel for companies that service mortgages to their clients after those fees were paid by the debtors in bankruptcy actions pursuant to the term of the underlying mortgages.

The facts here are nothing like those presented in *In re Ernest Harris* and Plaintiffs cannot allege facts to support a cognizable legal theory by simply cutting and pasting the names DRN and Holland & Knight into that complaint in place of the defendants against whom the Harrises brought suit. DRN is not alleged to be servicing Plaintiffs' mortgage in the complaint, but rather is alleged to be an agent

of a title company whose role in the purported racketeering activity is never identified. Holland & Knight is defending DRN in a suit being brought by the Plaintiffs for alleged RICO violations and it is a stranger to the foreclosure proceedings against Plaintiffs. In short, Plaintiffs are accusing defense counsel of kickbacking to the defendant a portion of the attorney's fees that they are charging to the defendant for defending against Plaintiffs' frivolous claims. Those allegations simply cannot form the basis for any cognizable legal claim by Plaintiffs against DRN.

### III. Plaintiffs Have Not Alleged Specific Facts To Support Their RICO Claim

Moreover, in their opposition, Plaintiffs implicitly concede that they have not alleged any specific facts in support of their RICO claims. When pressed to point to the specific allegations that support their claims, all that Plaintiffs offer are vague allegations about one defendant's service of a foreclosure notice on Plaintiffs in May. Opposition at 5:27-6:5. Plaintiffs still have not specifically identified which defendant served the notice or even what misrepresentations were made in the notice. Plaintiffs cannot rely on such general allegations that merely track the language of the statute. In the absence of specific allegations, Plaintiffs' claims fail.

### IV. Plaintiffs Have Not Alleged That DRN Engaged In A "Pattern" Of Racketeering Activity

As Plaintiffs' opposition makes clear, their complaint revolves around the foreclosure notice served upon them and the foreclosure proceedings being pursued against them. However, a RICO cause of action cannot be based on a single transaction with a single victim. *Medallion TV Enters., Inc. v. SelecTV of Cal.*, 833 F. 2d 1360, 1365 (9th Cir. 1987). Plaintiffs have not alleged any facts concerning any other victim or the details of any other foreclosure. All of the specific facts alleged in the complaint concern what purportedly happened to the Plaintiffs. Thus,

1  Plaintiffs have not alleged facts the proof of which would demonstrate a threat of
2  continuing activity, which is necessary to support a valid RICO claim.

3  **4.     The Plaintiff Fails To Allege An Injury Cognizable Under RICO**

4  Plaintiffs contend that they have been injured by DRN's conduct because they
5  have been prevented from listing their property for sale and because their property
6  has declined in value by $250,000 since the foreclosure notice was served three
7  months ago. However, no such allegations appear in the complaint and, even if
8  they had, Plaintiffs have not explained how the conduct of DRN, purportedly an
9  agent of a title company, has prevented them from listing their property for sale.
10 Simply put, it does not appear that Plaintiffs have suffered any injury as a result of
11 DRN's purported conduct.

12 Dated: August 14, 2008                     HOLLAND & KNIGHT LLP

14                                            _____
                                              Richard W. Petty

15                                            Attorneys for Defendants
16                                            FIDELITY NATIONAL TITLE
                                              INSURANCE CO. AND DEFAULT
17                                            RESOLUTION NETWORK

# 5533286_v1

*Barker et al. v Default Resolution; Fidelity National Title; et al.*
U.S. District Court- California Northern District (Oakland)
Civil Case No. 08 CV 02898 CW

## PROOF OF SERVICE

State of California    )
                       )  ss.
County of Los Angeles  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 633 West Fifth Street, 21st Floor, Los Angeles, California 90071.

On August 14, 2008, I served the document described a **DEFENDANT DEFAULT RESOLUTION NETWORK'S REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT** on the interested parties in this action, enclosed in a sealed envelope, addressed as follows:

### SEE ATTACHED SERVICE LIST

☒ **[BY MAIL]** Following ordinary business practices, I placed the document for collection and mailing at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071, in a sealed envelope. I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

☐ **[BY UPS]** Following ordinary business practices, I placed the document for collection and UPS delivery, "next day air" at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071. I am readily familiar with the business' practice for collection and processing of correspondence for delivery by UPS (Next Day Air), and, in the ordinary course of business, such correspondence would be deposited with UPS on the day on which it is collected at the business.

**[FEDERAL]** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 14, 2008, Los Angeles, California.

_____
Yvonne Fernandez

*Barker et al. v Default Resolution; Fidelity National Title; et al.*
U.S. District Court- California Northern District (Oakland)
Civil Case No. 08 CV 02898 CW

Service List

Kenneth Barker
2349 Royal Oaks Drive
Alamo, CA 94507

**Plaintiff,** *pro se*

Lois Anne Barker
2349 Royal Oaks Drive
Alamo, CA 94507

**Plaintiff,** *pro se*

Michael John Veiluva
Alborg Veiluva & Epstein LLP
200 Pringle Avenue, Suite 410
Walnut Creek, CA 94596
Tel:  925.929.9880
Fax:  925.939.9915

**Attorneys for Defendants**
**Mortgage Electronic Registration Systems,**
**Inc.; and Alborg, Veiluva & Epstein.**

# 5455902_v1