IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BARKER and LOIS ANNE BARKER,<br><br>        Plaintiffs,<br><br>    v.<br><br>DEFAULT RESOLUTION NETWORK; FIDELITY NATIONAL TITLE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ALBORG, VEILUVA & EPSTEIN; TITLE COURT SERVICES, INC.; and GENPACT MORTGAGE SERVICES,<br><br>        Defendants.<br>_____/ | No. C 08-2898 CW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING PLAINTIFFS LEAVE TO AMEND |

Defendants Default Resolution Network, Fidelity National Title Insurance Co., Mortgage Electronic Registration Systems, Inc., Alborg, Veiluva & Epstein, LLP, and Genpact Mortgage Services have filed three separate motions to dismiss for failure to state a claim.[1]  Pro se Plaintiffs Kenneth Barker and Lois Anne Barker oppose the motions.[2]  The motions were taken under submission on

---

[1] Defendant Title Court Services, Inc. has filed an answer to the complaint.

[2] Kenneth signed and filed the oppositions to the motions on behalf of himself and Lois.  However, a non-attorney is not permitted to represent the interests of another person in federal courts, and Kenneth, who is not an attorney, may not represent the interests of Lois pro se.  Both Kenneth and Lois must sign all

1  the papers.  Having considered all of the parties' papers, the
2  Court grants the motions to dismiss and grants Plaintiffs leave to
3  amend.

BACKGROUND

This dispute arises out of a notice of default and election to sell under deed of trust for the property located at 2349 Royal Oaks Drive in Alamo, California.  The notice was recorded on May 1, 2008 and, on May 8, 2008, served on Plaintiffs, the joint owners of the property.  Plaintiffs allege that "defendant has no proof that it owns a Note Deed of Trust, or Mortgage on the Property." Complaint ¶ 11.  Although Plaintiffs refer to a single Defendant, they do not indicate which Defendant served the notice on them. Plaintiffs further allege,

> Using the U.S. Mails and interstate wires to file a Foreclosure "Notice" on plaintiffs Property, without the legal right to do so constitutes an illegal scheme to commit fraud, conspiracy to commit fraud, and fraud, in order to fraudulently seize plaintiffs Property for defendants illegal financial gain and harm plaintiff.

Id.

In addition, Plaintiffs allege,

> In order to engage in it's illegal scheme to function as a racketeering organization and corrupt enterprise defendant willfully ignored the "Real Party In Interest Rule."  That law requires a [] party [to] prove it is the "Real Party In Interest" before it can legally file a Foreclosure "Notice."  Defendant's willfully failed to do so.  [Defendants] used U.S. Mails and interstate Wires with the intent of damaging plaintiff for defendants illegal financial gain.

Complaint ¶ 12.  Plaintiffs allege, "Unquestionably, defendant is engaged in a predatory 'Foreclosure Mill' conspiracy, using U.S.

---

future filings.

2

Mail and interstate Wires with the intent and purpose of obtaining fraudulent illegal financial gain." Complaint ¶ 13. According to Plaintiffs,

> Defendants as persons, set up a organizational association in fact enterprise structure, consisting of a title company, an agent of the title company, a law firm, a beneficiary, and agents for them. The resulting enterprise enabled defendants to function as a racketeering organization and to engage in a pattern of racketeering activity.

Complaint ¶ 15. On this basis, Plaintiffs allege that

> defendants are associated in fact, acting jointly as a racketeering enterprise, engage in an illegal scheme via a pattern of fraud, misrepresentation, and conspiracy, fraudulently using the U.S. Mails and interstate Wires for their unlawful financial gain to damage plaintiff.

Complaint ¶ 9. Plaintiffs also assert that Defendants "organized themselves by an illegal scheme to function as a racketeering organization and a corrupt enterprise." Id. Based on these allegations, Plaintiffs allege that Defendants "repeatedly violated" the Racketeer Influenced and Corrupt Organizations Act of 1970 (RICO). Id.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to

3

state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994). Scienter may be averred generally, simply by

4

saying that it existed. Id. at 1547; see Fed. R. Civ. Proc. 9(b)("Malice, intent, knowledge, and other condition of mind of a person may be averred generally"). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

## DISCUSSION

To state a claim for relief in a private RICO action, Plaintiffs must allege the existence of four essential elements. Plaintiffs must show (1) a pattern of racketeering activity, (2) the existence of an enterprise engaged in or affecting interstate or foreign commerce, (3) a nexus between the pattern of racketeering activity and the enterprise and (4) an injury to his business or property by reason of the above. Sedima S.P.R.L. v. Imrex Company, Inc. et al., 473 U.S. 479 (1985). The racketeering activities upon which Plaintiffs rely are the federal offenses of mail fraud and wire fraud. "A wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2008) (internal quotation marks omitted); 18 U.S.C. § 1343. The elements of mail fraud differ only in that they involve the use of the United States mails rather than wires. See 18 U.S.C. § 1341.

5

All such allegations must be plead with particularity. <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 541 (9th Cir. 1989).

Although Plaintiffs allege that "defendant" electronically filed the notice of foreclosure and served the notice on Plaintiffs via mail, this is not sufficient to establish a fraudulent scheme. At most, Plaintiffs have alleged a single set of fraudulent communications by an unidentified "defendant." <u>See</u> Complaint ¶ 11 (alleging that "defendant" used the interstate wires to file the notice of foreclosure "without the legal right to do so" and used "Certified U.S. Mail" to serve the notice on Plaintiffs). It is not sufficient for Plaintiffs to allege that this "constitutes an illegal scheme to commit fraud, conspiracy to commit fraud, and fraud, in order to fraudulently seize plaintiffs Property for defendants illegal financial gain." <u>Id.</u> Plaintiffs must allege facts which, if proven true, would support a finding that Defendants were engaged in such a conspiracy. Plaintiffs' failure to allege a fraudulent scheme also necessarily means that they have failed to allege a pattern of racketeering activity. <u>See</u> <u>United Energy Owners Committee, Inc. v. United States Energy Mgmt. Systems, Inv.</u>, 837 F.2d 356, 361 (9th Cir. 1988) (holding that dismissal is proper where "the plaintiffs have failed to allege two or more RICO predicate acts, occurring over a significant period of time, evidencing a threat of continuing activity"); <u>Medallion TV Enters. Inc. v. SelecTV of Cal.</u>, 833 F.2d 1360, 1365 (9th Cir. 1987) (distinguishing between non-RICO cases "which involved single victims and isolated transactions with no indication that the defendant would need to commit further predicate acts" and cases

appropriate for RICO claims "which involved ongoing schemes, numerous victims, and a risk of continuing illegal activity").

In their oppositions to the motions to dismiss, Plaintiffs include additional allegations of an attorney fee-splitting conspiracy. However, any arguments based on these allegations necessarily fail. The allegations do not appear in Plaintiffs' complaint and they concern an entirely different conspiracy from that asserted in the complaint. Moreover, the additional allegations are taken (in many parts verbatim) from a complaint filed by different plaintiffs against different defendants in the Bankruptcy Court for the Southern District of Texas.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss (Docket Nos. 4, 7, 10). If Plaintiffs wish to pursue their claims they may file an amended complaint. Any amended complaint shall plead with particularity each element of the RICO cause of action, including each predicate act alleged to constitute racketeering activity and the Defendant or Defendants alleged to have committed each act. When including allegations in their amended complaint, Plaintiffs should be aware that Rule 11(b) of the Federal Rules of Civil Procedure provides that, by presenting a signed pleading to the Court, Plaintiffs are certifying that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11 also provides that the Court may impose appropriate sanctions, including monetary sanctions, for violations

7

of Rule 11(b).

If, within three weeks of the date of this order, Plaintiffs do not file an amended complaint, their case will be dismissed with prejudice for failure to prosecute.[3]

The case management conference previously scheduled for September 16, 2008 at 2:00 PM is hereby VACATED. A case management conference will instead be held on November 6, 2008 at 2:00 PM. Any motion to dismiss the amended complaint shall be noticed for hearing on that date. The parties shall file a joint case management conference statement one week prior to the conference.

IT IS SO ORDERED.

Dated: 8/27/08

CLAUDIA WILKEN
United States District Judge

---

[3]Although Defendant Title Court Services has filed an answer and has not filed a motion to dismiss, the Court's finding that Plaintiffs have failed to state a claim applies equally to the claims against Title Court. Moreover, the Court notes that, in its answer, Title Court states, as an affirmative defense, its belief that Plaintiffs have failed to state a claim upon which relief can be granted.

8

<div style="font-weight:bold">United States District Court<br>For the Northern District of California</div>

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KENNETH BARKER et al,

        Plaintiff,

v.

DEFAULT RESOLUTION NETWORK et al,

        Defendant.

Case Number: CV08-02898 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 27, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Glenn Michael Perrell
Glenn M Perrell
205 S Broadway Ste 302
Los Angeles, CA 90012

Kenneth Barker
Lois Anne Barker
2349 Royal Oaks Drive
Alamo, CA 94507

Michael John Veiluva
Alborg Veiluva & Epstein LLP
200 Pringle Avenue
Suite 410
Walnut Creek, CA 94596

Richard William Petty
Vito Anthony Costanzo
Holland & Knight LLP
633 W 5th St, 21st Fl
Los Angeles, CA 90071-2005

Dated: August 27, 2008

                      Richard W. Wieking, Clerk
                      By: Sheilah Cahill, Deputy Clerk

9