IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BARKER and LOIS ANNE BARKER, | No. C 08-2898 CW |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| DEFAULT RESOLUTION NETWORK; FIDELITY NATIONAL TITLE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ALBORG, VEILUVA & EPSTEIN; TITLE COURT SERVICES, INC.; and GENPACT MORTGAGE SERVICES, | |
| Defendants. | |

Defendants Default Resolution Network, Fidelity National Title Insurance Co., Mortgage Electronic Registration Systems, Inc., Alborg, Veiluva & Epstein, LLP, and Genpact Mortgage Services have filed motions to dismiss for failure to state a claim.[1]  Pro se Plaintiffs Kenneth Barker and Lois Anne Barker oppose the motions. The motions were taken under submission on the papers.  Having considered all of the parties' papers, the Court grants the motions to dismiss.

---

[1] Defendant Title Court Services, Inc. has filed an answer to the complaint.

United States District Court
For the Northern District of California

BACKGROUND

This dispute arises out of a notice of default and election to sell under deed of trust for the property located at 2349 Royal Oaks Drive in Alamo, California.  The notice was recorded on May 1, 2008 and, on May 8, 2008, served on Plaintiffs, the joint owners of the property.  Plaintiffs allege that Defendants engaged in a scheme to foreclose on their home illegally in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO).  Defendants moved to dismiss the original complaint because it did not plead with particularity each element of the RICO cause of action.  On August 8, 2008, the Court granted Defendants' motion to dismiss with leave to amend.  Docket no. 30.  On September 5, 2008 Genpact recorded a new Notice of Default and Notice of Trustee's Sale curing a recording error and updating the reinstatement amount.  Plaintiffs allege that they received these notices on September 15, 2008.  On September 8, 2008 Plaintiffs filed their first amended complaint and, within two weeks, Defendants filed motions to dismiss.

Instead of responding to the motion to dismiss, Plaintiffs moved to file a second amended complaint on October 9, 2008.  The second amended complaint included three new causes of action, wrongful foreclosure, conspiracy to commit fraud, and fraud.  However, each of these three causes of action are described by Plaintiff as a "violation of private RICO."  Therefore, the Court deems these three causes of action as contained within the RICO cause of action, and not as separate claims.  The second amended complaint also added several new defendants.  The Court granted

2

1 Plaintiffs' motion and applied the arguments set forth in
2 Defendants' motion to dismiss Plaintiffs' first amended complaint
3 to their motions to dismiss Plaintiffs' second amended complaint.
4 The Court also gave the parties additional time for further
5 briefing.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is

3

false." In re GlenFed, Inc., Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994). Scienter may be averred generally, simply by saying that it existed. Id. at 1547; see Fed. R. Civ. Proc. 9(b)("Malice, intent, knowledge, and other condition of mind of a person may be averred generally"). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

## JUDICIAL NOTICE

Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are either generally known or capable of accurate and ready determination. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 688-690 (9th Cir. 2001); Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1953). The Court grants Defendants' request for judicial notice of Exhibits A through D of Darrell C. Martin's declaration because these documents are public records capable of accurate and ready determination. The Court denies Plaintiffs' request to take judicial notice of Exhibits A and B of Kenneth Barker's declaration because they are irrelevant.

## DISCUSSION

To state a claim for relief in a private RICO action, Plaintiffs must allege the existence of four essential elements.

4

1  Plaintiffs must show (1) a pattern of racketeering activity,
2  (2) the existence of an enterprise engaged in or affecting
3  interstate or foreign commerce, (3) a nexus between the pattern of
4  racketeering activity and the enterprise and (4) an injury to their
5  business or property by reason of the above.  Sedima S.P.R.L. v.
6  Imrex Company, Inc. et al., 473 U.S. 479 (1985).  The racketeering
7  activities upon which Plaintiffs rely are the federal offenses of
8  mail fraud and wire fraud.  "A wire fraud violation consists of
9  (1) the formation of a scheme or artifice to defraud; (2) use of
10 the United States wires or causing a use of the United States wires
11 in furtherance of the scheme; and (3) specific intent to deceive or
12 defraud."  Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir.
13 2008) (internal quotation marks omitted); 18 U.S.C. § 1343.  The
14 elements of mail fraud differ only in that they involve the use of
15 the United States mails rather than wires.  See 18 U.S.C. § 1341.
16 All such allegations must be plead with particularity.  Moore v.
17 Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989).
18      Plaintiffs' second amended complaint fails to state a claim
19 for many of the same reasons outlined in the Court's earlier order
20 dismissing their original complaint.  Plaintiffs have not properly
21 alleged that Defendants engaged in mail or wire fraud.  Plaintiffs
22 merely state in a conclusory fashion that Defendants committed
23 fraud by filing an inaccurate notice of default on their home.
24 Plaintiffs allege that filing this notice was fraudulent because
25 Defendants do not have "any beneficial interest in the foreclosed"
26 property.  Plaintiffs allege that Defendants do not own the note,
27 mortgage or deed of trust and are "stealing multi-tens of millions
28

5

of dollars from foreclosed home owners." However, Plaintiffs have not alleged, with the required specificity under Rule 9(b), any facts demonstrating that any of the Defendants' representations were fraudulent. As noted in the Court's earlier order, Plaintiffs' failure to allege a fraudulent scheme also necessarily means that they have failed to allege a pattern of racketeering activity. See United Energy Owners Committee, Inc. v. United States Energy Mgmt. Systems, Inv., 837 F.2d 356, 361 (9th Cir. 1988) (holding that dismissal is proper where "the plaintiffs have failed to allege two or more RICO predicate acts, occurring over a significant period of time, evidencing a threat of continuing activity"); Medallion TV Enters. Inc. v. SelecTV of Cal., 833 F.2d 1360, 1365 (9th Cir. 1987) (distinguishing between non-RICO cases "which involved single victims and isolated transactions with no indication that the defendant would need to commit further predicate acts" and cases appropriate for RICO claims "which involved ongoing schemes, numerous victims, and a risk of continuing illegal activity"). Plaintiffs have only alleged a single instance of purported fraud against a single victim. They have not alleged any facts which would demonstrate a "risk of continuing illegal activity." See Medallion TV, 833 F.2d at 1365.

Plaintiffs have also failed adequately to allege the existence of an enterprise. An enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An associated-in-fact enterprise is "a group of persons associated together for a common

6

purpose of engaging in a course of conduct." <u>United States v. Turkette</u>, 452 U.S. 576, 583 (1981). "To establish the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit." <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 552 (9th Cir. 2007) (quoting <u>Turkette</u>, 452 U.S. at 583).

Plaintiffs allege that Defendants' common purpose is to make "huge illegal profits from non judicial foreclosures on properties where none of the defendants own the Note, Mortgage or Deed of Trust." SAC ¶ 68. However, Plaintiffs have not alleged facts that, if proved, provide sufficient "evidence that the various associates function as a continuing unit;" or that Defendants are part of an "ongoing organization." <u>Id.</u> Rather, the second amended complaint contains vague and overbroad factual conclusions about Defendants' roles in an alleged illegal foreclosure scheme.

## RULE 11 SANCTIONS

Defendants have also filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11(b). Plaintiffs oppose the motion.

Rule 11(b) provides,

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law

7

>             or by a nonfrivolous argument for the extension,
>             modification, or reversal of existing law or the
>             establishment of new law;
>     (3) the allegations and other factual contentions
>             have evidentiary support . . .

Fed. R. Civ. P. 11(b). Under Rule 11(c), a court may impose sanctions on attorneys, law firms or parties that have violated Rule 11(b) or are responsible for such a violation.

The standard for determining whether a pleading, motion or other paper is either frivolous or interposed for an improper purpose is one of objective reasonableness at the time it is signed. Conn v. Borjorquez, 967 F.2d 1418, 1421 (9th Cir. 1992) (citing Woodrum v. Woodward County Okla., 866 F.2d 1121, 1127 (9th Cir. 1989); Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir. 1986). In assessing whether the filing of a particular paper was frivolous under Rule 11, the court should not consider the ultimate failure on the merits or the subjective bad faith of the signer, but rather whether the position taken was "legally unreasonable" or "without factual foundation." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986) overruled on other grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 399-405 (1990).

Defendants argue that Plaintiffs violated Rule 11 because their first amended complaint, second amended complaint, and motion to file a second amended complaint lack a credible, or even colorable, factual foundation and are legally insufficient to support the claims lodged therein. Although the Court recognizes the paucity of legal and factual support underlying Plaintiffs' claims, the Court finds that Rule 11 sanctions are not appropriate

8

in this context.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss with prejudice (Docket Nos. 37 and 41), and DENIES Defendants' motion for Rule 11 sanctions (Docket No. 62).[2] The Clerk shall enter judgment and close the file.  Defendants shall recover their costs from Plaintiffs.

IT IS SO ORDERED.

Dated: 3/5/09

CLAUDIA WILKEN
United States District Judge

---

[2]Although Defendant Title Court Services has filed an answer and has not filed a motion to dismiss, the Court's finding that Plaintiffs have failed to state a claim applies equally to the claims against Title Court.  Moreover, the Court notes that, in its answer, Title Court states, as an affirmative defense, its belief that Plaintiffs have failed to state a claim upon which relief can be granted.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KENNETH BARKER et al,

        Plaintiff,

v.

DEFAULT RESOLUTION NETWORK et al,

        Defendant.

Case Number: CV08-02898 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 5, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Barker
Lois Anne Barker
2349 Royal Oaks Drive
Alamo, CA 94507

Dated: March 5, 2009

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

10